THE STATE, Plaintiff in error, vs. BROWNELL, Defendant in error.

*October 30 — November 17, 1891.*

*Writ of error: Order of court commissioner:* Habeas corpus.

An order made by a court commissioner discharging a prisoner on *habeas corpus* cannot be reviewed by this court on writ of error. Ch. 239, Laws of 1889 (S. & B. Ann. Stats. sec. 3437*a*), merely authorizes this court to review the order or judgment of any inferior *court* either in determining such matter originally or, when sitting as a court of review, in reversing or affirming the order of a judge, commissioner, or other officer.

ERROR to a Court Commissioner of *Waukesha* County.

It appears from the record that August 13, 1890, the defendant was arrested for an assault and battery, and finally brought before Alonzo Tyler, a justice of the peace; that the cause was tried August 21, 1890; that at the close of the trial, with consent of the defendant, the court took a recess to August 30, 1890, at 9 A. M., at which time it was ordered and adjudged by the court, in effect, that the defendant pay a fine and the costs taxed, or, in default, be committed to the county jail for the term of twenty days; that after the entry of said judgment, and the defendant had been permitted to depart from the presence of the justice, he added to said judgment the following words, to wit,

" or until said fine and costs are paid, or until he is lawfully discharged;" that September 1, 1890, the said defendant was brought before D. G. Hemlock, court commissioner, on *habeas corpus*, and upon the hearing thereof he was discharged by said commissioner from further imprisonment. This writ of error is directed to said court commissioner for the purpose of reviewing such order so discharging said prisoner.

The cause was submitted for the plaintiff in error on briefs by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and for the defendant in error on the brief of *Ryan & Merton*.

CASSODAY, J. This court has frequently held that an appeal will not lie from an order made by a judge at chambers. *Whereatt v. Ellis*, 68 Wis. 70. For the same reason this court cannot review an order made by a judge at chambers or a court commissioner on a writ of error. It is claimed, however, that such writ is expressly authorized by ch. 239, Laws of 1889 (sec. 3437a, S. & B. Ann. Stats.). If the act is capable of bearing such a construction, then it comes under the condemnation of this court in *Hubbell v. McCourt*, 44 Wis. 584, where it was held that the legislature could not authorize appeals from orders of a circuit judge at chambers; that the appellate jurisdiction conferred on this court by the constitution was designed only for a review of the decisions of courts. Sec. 3, art. VII. It is true that a writ of error is an original writ, but its office is confined to the review of the judgments or orders of courts. *Crocker v. State*, 60 Wis. 553; *State ex rel. Larkin v. Ryan*, 70 Wis. 683. But we are convinced that the act in question will not bear the construction claimed. Its language is: " A writ of error may issue to obtain a review by the supreme court of the order or judgment of *any court*, discharging or remanding a person brought before it by

*habeas corpus,* or *reversing* or *affirming* the order of a judge, commissioner, or other officer so discharging or remanding a person thus brought before him." It merely authorizes this court to review the order or judgment of any inferior court in determining such matter originally or, when sitting as a court of review, in reversing or affirming the order of a judge, commissioner, or other officer.

The writ of error in this case was improvidently granted, and is therefore dismissed.

*By the Court.*— It is so ordered.