FRED MILLER BREWING COMPANY, Respondent, vs. CITY OF MILWAUKEE, imp., Appellant.

*April 25—October 8, 1912.*

*Appeal from civil court of Milwaukee county: Notice to be served on judge: Statute construed.*

1. Under ch. 549, Laws of 1909, as amended by ch. 425, Laws of 1911, appeals from the civil court of Milwaukee county are governed by the statutes relating to appeals from justices' courts, except that the returns and amended returns upon appeal are to be made by the clerk; but the notice of appeal and affidavit of good faith must be served upon the civil judge.

2. In subd. 2 of sec. 14, ch. 549, Laws of 1909, as amended, relating to "the practice, pleadings, trials, judgments and proceedings thereafter" in certain cases, the words "proceedings thereafter" refer to proceedings for the enforcement of the judgment or in conformity with the judgment, as distinguished from "proceedings upon . . . appeal," which have reference to proceedings adverse to the judgment.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This action was commenced in the civil court of Milwaukee county to recover $350, the alleged value of a horse which was lost by reason of an injury received on one of the bridges in the city of *Milwaukee* alleged to have been defective and out of repair, with notice to the defendants of such defect.

No jury was demanded, and under the practice in such court the case was tried by the court and the following findings made:

1. That on the 4th day of August, 1910, the east approach to State street bridge was reasonably safe for public travel.

2. That the space and conditions existing between the east approach to the State street bridge and the bridge itself wherein an opening was left was reasonably safe for public travel.

3. That said hole or opening between the east end of State street bridge and said approach, together with the iron plating and frog and conditions surrounding the same as established by the evidence, was reasonably safe for public travel.

4. That the plaintiff's horse was not injured by reason of any defect in the street.

5. That the place where said injury was alleged to have occurred is a public street in the city of *Milwaukee*.

6. That there was no insufficiency or want of repair sufficient to constitute a defect.

7. That no proof has been made by the plaintiff of any negligence of the Milwaukee Electric Railway & Light Company.

As conclusions of law the court found:

1. That the street was reasonably safe for public travel.

2. That there was no defect in the street.

3. That the city of *Milwaukee* is not liable.

4. That the Milwaukee Electric Railway & Light Company is not liable.

5. That the defendants are entitled to judgment dismissing the complaint of the plaintiff.

6. That the defendant the city of *Milwaukee* is entitled to $15 attorney's fees, and that both defendants are entitled to the costs and disbursements of this action.

Judgment was entered upon the findings in favor of the defendants.

The plaintiff attempted to appeal, and served upon the clerk of the court a notice of appeal and affidavit that the appeal was made in good faith and not for the purpose of de-

lay, but no notice of appeal was served upon the judge of the civil court.   The clerk of the court made return to the circuit court.   The plaintiff moved the circuit court to reverse the judgment in the civil court.   On this motion the circuit court on the 18th day of November, 1911, ordered that the judgment of the civil court of Milwaukee county entered on the 20th day of January, 1911, in favor of the defendants and against the plaintiff, dismissing the action with costs, be reversed and a new trial granted, such trial to be had in the circuit court for Milwaukee county.

The defendant city of *Milwaukee* appealed from said order to this court.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, *W. H. Timlin, Jr.,* special assistant city attorney, and *Otto H. Breidenbach,* assistant city attorney, and oral argument by *Mr. Timlin.*

For the respondent the cause was submitted on the brief of *E. J. Ludwig.*

The following opinion was filed May 14, 1912:

KERWIN, J.   Ch. 549, Laws of 1909, as amended by ch. 425, Laws of 1911, regulates the procedure in the civil courts of Milwaukee county.   The record in this case shows that the plaintiff, in attempting to appeal from the judgment of the civil court to the circuit court, served a notice of appeal and affidavit that the appeal was made in good faith and not for the purpose of delay upon the clerk of the civil court, but served neither upon the judge of said court.   The question, therefore, arises whether any appeal was ever taken from the judgment of the civil court.   We find no provision of law authorizing such appeal without service upon the judge of the civil court.   On the contrary, it seems that service upon the judge of the civil court is necessary under the statute. Subd. 1 of sec. 14, ch. 549, Laws of 1909, as amended, provides that all "proceedings in said civil court and in appeals

therefrom shall, except as herein otherwise provided, be governed by the provisions of title XXVIII of the statutes, as amended, relating to courts of justice of the peace and proceedings therein in civil cases. . . . The following sections of the statutes are hereby declared to be inapplicable to said court or the proceedings therein: Secs. 3569, 3584 to 3592, inclusive; 3598, 3616, 3617, 3623, 3638, 3666, 3667, 3716, and 3776." Subd. 2 of the same section and chapter as amended provides that in actions and proceedings specified in secs. 3572 and 3573, Stats., commenced in said court, where the amount involved shall exceed the sum of $200, except actions of forcible entry and detainer, "the practice, pleadings, trials, judgments and proceedings thereafter shall be governed by the provisions of law relating to circuit courts and proceedings therein; except that the time in which any proceeding shall be had shall be governed by the provisions of this act and of said title XXVIII so far as applicable. . . ." The "proceedings thereafter" refer to proceedings on the judgment in the civil court and do not include appeals from the judgment. Proceedings after judgment, under this provision of the statute, have reference to proceedings for the enforcement of the judgment or in conformity with the judgment, not in hostility to it, while proceedings upon appeal have reference to proceedings adverse to the judgment. This becomes apparent when read in connection with subd. 1 of sec. 28, ch. 549, Laws of 1909, as amended, which provides:

". . . Except in bastardy cases, and except as herein otherwise provided, an appeal may be taken to the circuit court of Milwaukee county by any party to an action or proceeding in said civil court from any final judgment of said civil court, or from any order of said civil court from which an appeal to the supreme court might be taken if such order were made by a circuit court. · Such appeals shall be taken within twenty days after the entry of the judgment or order appealed from, and the returns and amended returns upon such appeals shall be made by the clerk of said civil court in

the manner provided in ch. 160 of the statutes, relating to appeals from justices' courts. . . ."

Also the following portion of subd. 5 of sec. 28 of said ch. 549:

"The proceedings upon any appeal from any judgment or order of the civil court, except as herein otherwise provided, shall be governed by the provisions of ch. 160 of the statutes relating to appeals from justices' courts and judgments of justices of the peace so far as such provisions may be applicable thereto."

As to the questions reviewable on appeal see *Eder v. Grifka,* 149 Wis. 607, 136 N. W. 154.

We think the provisions of the statutes referred to leave appeals from the civil to the circuit court governed by the statutes relating to appeals from courts of justices of the peace, except that in appeals from judgments of the civil court the returns and amended returns upon appeal shall be made by the clerk; but that the notice of appeal and affidavit must be served upon the civil judge. This was not done in the case at bar, therefore no appeal was taken, and the circuit court was without jurisdiction to make the order appealed from.

No other questions need be considered.

*By the Court.*—The order appealed from is reversed.

Timlin, J., took no part.

The respondent moved for a rehearing.

In support of the motion there was a brief by *E. J. Ludwig,* attorney for respondent, and *J. O. Carbys, Nath. Pereles & Sons, Rodger M. Trump,* and *Moritz Wittig,* of counsel; also a brief by *Quarles, Spence & Quarles, Charles S. Thompson,* and *Irving A. Fish, amici curiæ.*

In opposition to the motion there was a brief by *Daniel W. Hoan,* city attorney, *W. H. Timlin, Jr.,* first assistant city attorney, and *Otto Breidenbach,* assistant city attorney.

The motion was denied October 8, 1912.