Saltzstein, Respondent, vs. Nahmens, Appellant.

*March 11—April 29, 1913.*

*Milwaukee civil court: Defective appeal to circuit court: Jurisdiction: General appearance: Appeal to supreme court: Reversal of judgment: Striking cause from calendar.*

1. An attempted appeal from the civil court of Milwaukee county is ineffective unless the notice of appeal and affidavit of good faith are served upon the civil judge; and a mere general appearance of the parties in the circuit court without a trial *de novo* does not cure the defect. *Manufacturers & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, distinguished.

2. On appeal in such a case from a judgment of the circuit court affirming a judgment of the civil court, the supreme court acquires jurisdiction of the case sufficiently to reverse the judgment of the circuit court for lack of jurisdiction there.

3. In such a case a motion to strike the cause from the calendar of the supreme court, made by the appellant in order to save himself from an affirmance of the judgment under the rule because of his default in serving his printed case and brief, will be denied.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

*Alfred Klingelhoefer,* for the appellant.

For the respondent there was a brief by *Michael Levin,* attorney, and *B. F. Saltzstein, in pro. per.,* and oral argument by *Mr. Levin.*

The following opinion was filed January 28, 1913:

PER CURIAM.    In December, 1911, this action of garnishment was commenced in the civil court of Milwaukee county by the issuance of a summons in garnishment in aid of an execution.    Judgment against the garnishees having been rendered in that court, *Nahmens,* the execution debtor, attempted to appeal to the circuit court, but did not serve his notice of appeal on the judge of the civil court who tried the case.    Both parties appeared generally in the circuit court and, on motion of the respondent, the judgment of the civil court was affirmed, whereupon *Nahmens* appealed to this court.    The case being regularly on the calendar and reached for argument in this court, the appellant (being in default as to the service of case and brief under the rules) moved to strike the case from the calendar on the ground that this court had no jurisdiction of the action, because of the fact that the appeal to the circuit court was not properly perfected.

After consideration of the motion the court deems that it should not be granted.    It is true that the appeal to the circuit court was not properly taken and the circuit court obtained no jurisdiction of the case thereby.    *Fred Miller B. Co. v. Milwaukee,* 150 Wis. 336, 136 N. W. 157.    Whether the circuit court subsequently acquired jurisdiction by the general appearance of the parties without objection in that court, we do not decide.    Even if no jurisdiction was acquired by the circuit court, it does not follow that the appeal to this court must be dismissed or stricken from the calendar. In such a case this court acquires jurisdiction of the case

sufficiently to reverse the judgment because of the lack of jurisdiction below. Such was the course in the *Miller Case,* and such is the established doctrine of this court. *Kidder v. Fay,* 60 Wis. 218, 18 N. W. 839.

In the affidavits filed there is considerable support for the idea that the appellant resorted to this expedient in order to save himself from an affirmance of the judgment under' the rule because of his default in serving his case and brief. This court is not disposed to allow injustice to be done in this way if it be possible to avoid it. The motion to strike from the calendar will be denied with $10 costs to be paid within ten days. Upon the payment of $25 to the respondent's attorney, the appellant will be permitted to serve his case and brief within ten days from this date, the respondent's brief to be served within twenty days from this date; and the case will then be placed on the March assignment for argument. In the event that the appellant fails to serve his case and brief as allowed in this order, the judgment below will be affirmed upon the filing of proof of that fact by affidavit.

It is so ordered.

The following opinion was filed April 29, 1911:

SIEBECKER, J. This is an appeal by the defendant in the original action from a judgment of the circuit court for Milwaukee county affirming a judgment of the civil court of Milwaukee county in the garnishment proceedings.

On December 6, 1911, garnishment proceedings in aid of execution for the collection of a judgment against the defendant in the principal action, *Paul M. Nahmens,* were commenced in the civil court of Milwaukee county against the C. R. Gether Company, a corporation, and C. R. Gether individually, as garnishees, by the issuance of a summons on the affidavit of Michael Levin, an attorney for *B. F. Saltz-*

*stein,* the assignee of the judgment of the Carl Worst Advertising Service, plaintiff in the principal action.

On December 17th, the return day of the summons in the garnishment proceedings in the civil court, that court awarded judgment against the garnishees. The garnishee defendants by their attorney moved for a stay of proceedings, which was granted.

On December 19th the defendant in the original action attempted to appeal from the judgment in the garnishment proceedings to the circuit court for Milwaukee county by serving a notice of appeal and affidavit of good faith on the clerk of the civil court. This notice of appeal and affidavit were not served on the judge of the civil court wherein the judgment against the garnishees was awarded and from which court the records in the garnishment proceedings were returned by the clerk of the civil court to the circuit court for Milwaukee county.

Upon motion in the circuit court that court affirmed the judgment of the civil court and directed that judgment be entered in the action in the circuit court against the garnishees and against the surety on the appeal bond. The defendant in the original action appealed to this court from the judgment of the circuit court in the garnishment proceedings.

As declared in the case of *Fred Miller B. Co. v. Milwaukee,* 150 Wis. 336, 136 N. W. 157, the notice of appeal and the affidavit of good faith required for taking an appeal from the civil court of Milwaukee county to the circuit court for such county must be served on the judge of the civil court. This is required under the provisions of ch. 549, Laws of 1909, and to which reference is made in the opinion of the above cited case. As there indicated, under the state of the record before us in this case, showing that the notice of appeal and affidavit of good faith were not served on the judge of the civil court, it must be held that no appeal from the civil court was taken in this action and that the circuit court

was without jurisdiction to make the order and award the judgment appealed from. The proceeding in the circuit court in this case did not cure the jurisdictional defect, as was held to be the result in the case of *Manufacturers & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, 138 N. W. 624, where no motion to dismiss or objection to the jurisdiction was made and the parties appeared in the circuit court and tried the case *de novo*.

*By the Court.*—The judgment appealed from is reversed.