MADISON RAILWAYS COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*March 15—June 3, 1924.*

*Public utilities: Railroad commission: Extension of street railway line: Jurisdiction: Order conditioned on happening of future event.*

1. The railroad commission is an administrative body empowered to investigate and determine certain existing facts, and possesses neither legislative nor judicial functions; and when the commission has exercised its power ·the results contemplated by the statute follow.   p. 166.
2. Under sec. 193.10, Stats. 1923, requiring a street railway company to extend its lines on a finding of the commission that public convenience and necessity require the extension and that the construction and operation of the extension will not impair the earnings of the company so as to prevent an adequate or fair return, the commission, on finding that such construction and operation would not impair the earnings of the company if the city would relieve it from the cost of constructing the pavement within the track zone, was not empowered to order the company to extend its tracks and operate the extension, as the finding as to earnings implied that the cost of the proposed extension if the city did not grant the concession would prevent an adequate and fair return.   p. 168.
3. The commission is a purely fact-finding body, but must ascertain existing facts and not conjecture with respect to the future, and cannot, therefore, make an order conditioned upon the happening of a fact in the future.   p. 168. ·

APPEAL from a judgment of the circuit court for Dane county: OSCAR M. FRITZ, Judge. *Reversed.*

The appeal is from a judgment dismissing plaintiff's action, brought to set aside an order of the *Railroad Commission* requiring the extension of plaintiff's tracks and service on Monroe street in the city of Madison.

The proceedings having been initiated by petition, and the *Commission* having heard the matter, filed its decision wherein it reviewed in detail all of the requisite elements involved, including the prospective traffic which would re-

sult from the extension, the cost of construction, the operating and other expenses, the operation of the extension, the necessary cost of paving within the track zone, and the earnings of the company, and then made the following findings and order, to wit:

"Having in mind all conditions discussed above and the evidence presented in this case as well as the financial condition of the *Madison Railways Company* as revealed by its annual reports and elsewhere, we find that public convenience and necessity require the extension of the tracks and service of the *Madison Railways Company* on Monroe street from Harrison street to the easterly line of Crandall street in the city of Madison. We also find that the construction and operation of this extension will not impair the earnings of the *Madison Railways Company* so as to prevent an adequate and fair return.

"The above finding is based on the assumption that the city will in some manner relieve the company from the obligation of paying for the paving or repaving of any part of the street occupied by these tracks, except that part of the cost due exclusively to the presence of the tracks in the street.

"It is therefore ordered that the respondent, the *Madison Railways Company,* extend its track on Monroe street in the city of Madison from the existing tracks at Harrison to the easterly line of Crandall street.

"This order is made conditional upon the city in some manner relieving the company from the obligation of paying for the paving or repaving of any part of the street occupied by these tracks except that part of the cost due exclusively to the presence of the tracks in the streets.

"These tracks shall be constructed and service commenced not later than July 1, 1924."

This action was then begun in the circuit court for Dane county to vacate and set aside the order of the *Commission,* and, the action having been heard before the court, the court dismissed plaintiff's complaint, whereupon judgment was entered accordingly, and from such judgment the present appeal to this court was taken.

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by the *Attorney General* and *Robert M. Rieser,* deputy attorney general, and oral argument by *Mr. Rieser* and *William H. Spohn* of Madison.

The following opinion was filed April 8, 1924:

DOERFLER, J.   Unless relieved by the city from the expense of paving within the track zone, the cost of construction and operation of the extension would impair the earnings of the company so as to prevent an adequate or fair return.   Such is the finding of the *Commission.*   The precise question, therefore, presented and which we are called upon to determine is whether the *Commission* has the power to make such a conditional order.   The *Railroad Commission* is an administrative body, created by the statutes, possessing neither legislative nor judicial functions. To it is delegated the power to investigate and determine certain existing facts, and when it has exercised its power the results contemplated by the statute follow.   Upon this theory the constitutionality of the statutes creating the *Railroad Commission* has been sustained (*Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 116 N. W. 905) ; and it was made clear by the decision that any act granting legislative or judicial power to an administrative body must necessarily be invalid.

In *Eau Claire v. Wis.-Minn. L. & P. Co.* 178 Wis. 207, 215, 189 N. W. 476, it is said: "It is obvious that the *Commission* has no power except such as is expressly or by inference conferred upon it."   And in *Monroe v. Railroad Comm.* 170 Wis. 180, 187, 174 N. W. 450, it is held that, "The *Railroad Commission* being a tribunal of purely stat-

utory creation, its power and jurisdiction must be found within the four corners of the statutes creating it."

The power to order the extension, with the service involved, is derived from the provisions of sec. 193.10, Stats. 1923, which reads as follows:

"Any street railway corporation operating within any municipality shall extend its lines and furnish service thereon whenever, after complaint made as provided in section 195.04 and public hearing after notice to all parties interested, the railroad commission shall have found and declared that public convenience and necessity require such extension and such additional service and that the construction and operation of such extension will not impair the earnings of the said corporation so as to prevent an adequate or fair return, and provided that any such order shall be subject to judicial review in like manner as now provided by law with respect to other orders of the railroad commission, and such corporation may extend its railway to any point within any town adjoining the municipality from which it derived its franchise, and for such purposes may, with the written consent of a majority of the supervisors of such town, lay and operate its railway upon, across and along any highway, but not so as to obstruct common public travel thereon."

It is argued by the learned attorney general that the *Commission* has the power to make this conditional order; that any order for an extension and additional service in many cases must be in the nature of a conditional order, for the reason that, before the order can be effective, permission and authority in many instances must first be obtained from the city to use the streets involved in the extension for street-railway purposes, and that if the order can be made conditional in that respect no reason exists why it cannot validly be made conditional in other respects, and particularly with respect to the contemplated relief from the cost entailed in constructing the pavement within the track zone and the maintenance thereof.

The argument of the attorney general is plausible but not persuasive. In construing sec. 1863, Stats., now known as sec. 193.10, this court has said in *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 169 Wis. 183, 190, 172 N. W. 230:

"Sec. 1863 must be construed to mean that a street railway corporation operating within a municipality is bound to construct its street railway upon such streets as the municipality in question may theretofore or thereafter have designated by the giving of a franchise or otherwise, if public convenience and necessity require such extension. If a municipality so circumstanced has not granted and refuses to grant a franchise for an extension under existing law, the street railway company cannot extend its lines, and all orders of the railroad commission for the extension of lines must be subject to the provision that a franchise, permit, or license therefor has been given or be first obtained from the proper municipality."

The portion of the decision just quoted recognizes the power of the municipality to refuse or grant, where by franchise, permit, or license the city has not theretofore authorized the extension.

Sec. 193.10, defining and limiting the authority of the *Railroad Commission* in matters like those here involved, was passed with regard to the existing law which recognizes the powers of the municipality, and therefore the conditional order with respect to the municipal permit or license being first obtained is fully warranted as a necessary inference resulting from such existing law. But it is clear that the legislature did not intend to authorize the *Railroad Commission* to enter the field of speculation on a mere question of fact, dependent upon whether or not a municipality, corporation, or an individual might or might not make certain concessions with respect to such fact. The *Commission* is a purely fact-finding body (*Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 116 N. W. 905) and it is confined to existing facts, not facts merely con-

jectural with respect to the future. If the order of the *Commission* can be made conditional upon the proposed concession in the order, then numerous other conditions may be included, and, in fact, no limit could be set with respect to the number. For instance, the order might be made dependent upon whether or not a materialman would reduce the price of material below the market price, or whether a contractor would be willing to do the work at a price below that of the cost of construction. In substance the *Commission* found that if the city would relieve the plaintiff from the cost of constructing the pavement within the track zone, aggregating approximately $23,000, and of the maintenance of such pavement, the construction and operation of the extension would not impair the earnings of the plaintiff so as to prevent an adequate or fair return, which clearly implies that if the municipality refuses to grant this concession and the railway company be obliged to make this expenditure, the cost of the proposed extension would prevent an adequate and fair return. The *Commission* has therefore recognized the obligation of the railway company to pay for the cost and maintenance of the paving, and that with such cost the railway company's earnings would not yield a fair and adequate return. Such finding is clearly in favor of the plaintiff, and with such findings the extension cannot be ordered.

The foregoing being decisive of the matter under consideration, it becomes unnecessary to treat the other assignments of error in appellant's brief.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with the prayer in plaintiff's complaint, and for further proceedings according to law.

A motion for a rehearing was denied, without costs, on June 3, 1924.