State v. Roach, 195 Wis. 545.

━━━━━━

State, Plaintiff in error, vs. Roach, Defendant in error.

*March 10—April 3, 1928.* .

*Habeas corpus: Jurisdiction of county court: Appeal: Jurisdiction of supreme court where lower court had none.*

1. The county court has no jurisdiction, under sec. 292.03, Stats., to issue a writ of *habeas corpus.* p. 547.
2. A proceeding of *habeas corpus* in which the petition for the writ was addressed to the county court and the writ itself attested in the name of the county judge, and which was tried in the county court, resulting in the discharge of the petitioner, is a proceeding in the county court; and although county judges have the powers of circuit court commissioners,

a writ of error addressed to the county court does not confer jurisdiction on the supreme court to pass upon the merits of the proceeding.  pp. 547, 548.

3. On review the supreme court acquires no jurisdiction, where the court below had no jurisdiction of the cause, except to reverse the void order.  p. 548.

ERROR to review an order of the county court of Florence county: FRANK WARING, Judge.  *Order vacated.*

The defendant was arrested upon a search warrant issued by Kelgar Olson, justice of the peace.  On the 20th day of September, 1927, the defendant sued out a writ of *habeas corpus,* and upon a hearing the defendant was discharged. The State brings the writ of error in this case to review the decision discharging the defendant.

The cause was submitted for the plaintiff in error on the brief of *Arthur M. Sells,* district attorney of Florence county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant in error on that of *Daniel J. O'Hara* of Iron Mountain.

ROSENBERRY, J.   The petition for the writ of *habeas corpus* is addressed to the county court of Florence county, state of Wisconsin.   The writ is attested: "Witness the Hon. Frank Waring, county judge in and for Florence county, Wisconsin, on the 29th day of September, A. D. 1927." The bill of exceptions settled by stipulation in the case recites:

"Be it remembered that this action was brought on for trial in the county court for Florence county, Wisconsin, at the courthouse in the town of Florence, Florence county, Wisconsin, on the 29th day of September, A. D. 1927, and that said action was then and there tried by the Honorable Frank Waring, county judge presiding."

At the close of the hearing the following order was made:

"It appears to the court that Kelgar Olson, who was elected justice of the peace for the town of Homestead, Florence county, Wisconsin, on the 7th day of April, A. D. 1927,

the time prescribed by law, and is therefore not a duly quali-
fied justice of the peace; that said Kelgar Olson was with-
out authority or jurisdiction to issue search warrants and
therefore petitioner was unlawfully arrested, and is hereby
ordered discharged and released from the custody of the
sheriff."

It was clearly a proceeding in the county court of Florence
county.

In the plaintiff's brief the question of whether or not the
justice was a *de facto* officer is the only matter argued. In
the respondent's brief it is suggested that under sec. 274.05,
Stats., which provides:

"Writs of error may issue of course out of the supreme
court, in vacation as well as in term, returnable to that court,
to review the order or judgment of any court discharging or
remanding a person brought before it by writ of *habeas cor-
pus,* or an order or judgment reversing or affirming the order
of any judge or court commissioner discharging or remand-
ing a person thus brought before him, and to review final
judgments in actions triable by jury, except actions for di-
vorce,"—

a writ of error does not lie to a court commissioner, citing
*State v. Brownell,* 80 Wis. 563, 50 N. W. 413.

By sec. 252.16, Stats., county judges have the powers of
court commissioners; court commissioners have the powers
of circuit judges at chambers. Sec. 252.15. The writ of
error in this case is addressed not to a county judge exercis-
ing the powers of a court commissioner, but is addressed di-
rectly to the county court of Florence county.

But the county court of Florence county has no jurisdic-
tion to issue a writ of *habeas corpus.* Sec. 292.03 provides:

"Application for such writ shall be by petition, signed
either by the party for whose relief it is intended or by some
person in his behalf, and may be made to the supreme court,
or to the circuit court of the county, or to any justice or
judge of the supreme, circuit or county court, or any court
commissioner, being within the county where the prisoner is
detained."

The order of the county court of Florence county being made without jurisdiction is void and of no effect. If the proceeding had been before the county judge exercising the power of a court commissioner, a review could be had only by writ of *certiorari* from the circuit court or a court having the jurisdiction of a circuit court. *In re Hammer,* 113 Wis. 96, 89 N. W. 111; *State v. Brownell,* 80 Wis. 563, 50 N. W. 413. The determination of the reviewing court would then be subject to review under the provisions of sec. 274.05. The defendant was improperly discharged, and it will be the duty of the proper officer to take him into custody. While the merits were fully argued, there being no jurisdiction in the court below we acquire none here to pass upon the merits. We can do no more than reverse the order and direct the dismissal of the proceeding. *Saltzstein v. Nahmens,* 153 Wis. 272, 139 N. W. 751, 141 N. W. 234; *Sueterlee v. Sir,* 25 Wis. 357.

*By the Court.*—The order of the county court of Florence county is vacated and set aside, and cause remanded with directions to dismiss the proceeding.

The cause was submitted for the plaintiff in error on the brief of *Arthur M. Sells,* district attorney of Florence county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant in error on that of *Daniel J. O'Hara* of Iron Mountain.