MANUEL ZACARÍAS ARROYO, ETC., Petitioner and Appellant, v.
PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 3983.   Argued January 16, 1931.—Decided January 20, 1931.

*O'Neill & Cacho* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The District Court of Arecibo on a petition of habeas
corpus refused to release the prisoner. He presented a
notice of appeal. The *Fiscal* moves to dismiss the appeal,
alleging that the notice fails to follow the statute and that
this court is without jurisdiction. The Habeas Corpus Act
of 1903, section 6550 of the Revised Statutes, provides as
follows:

"An appeal is perfected by giving written notice to the court
or judge making the order appealed from and to the adverse party."

The appeal notice said: "To the Secretary of this Court and to the Hon. District Attorney." The adverse party was duly notified but maintains that the judge or court was not; in other words, that the notice to the secretary could not avail appellant. Apparently treating the judge of the "civil court" as if he were a justice of the peace, the Supreme Court of Wisconsin said that the notice of the appeal should be on the judge himself and that a notice on the clerk was insufficient. *Fred Miller Brewing Co.* v. *Milwaukee,* 150 Wis. 336, 136 N. W. 157. The case before us was presented to the District Court of Arecibo, a court of record. In the absence of more convincing authority to the contrary we think the secretary of the district court sufficiently represented the court. A proceeding in habeas corpus is a civil one and under section 296 of the Code of Civil Procedure a notice of appeal is served on the secretary.

We come then to the merits. The Municipal Court of Manatí tried the petitioner for the offense of carrying a prohibited weapon and sentenced him to one month in jail. On the same day the court recalled the prisoner and sentenced him to three months in jail. The appellant apparently maintains that the court was without jurisdiction to render the judgment as ultimately made, but that nevertheless its final action annulled the judgment rendered earlier in the day.

The court below held that the question of the right to impose a three months' sentence was prematurely raised (*a destiempo*). The theory was that the petitioner should first serve the valid one-month sentence and then petition for his release. If the first pronouncement of the municipal court was a valid one existing, then perhaps the district court would be right. An examination of the record, however, discloses that the Municipal Court of Manatí pronounced but a single written judgment dated the 24th of September, 1929. The written judgment recites that the

court, after hearing the proof and argument, declares the defendant guilty of the violation of the law against bearing arms and imposes upon him a month in jail. Immediately the written judgment says "under these conditions the court recalls the defendant for reconsideration of a judgment previously pronounced" and sentenced him to three months in jail. In the face of this writing we are bound to conclude that the previous judgment was entirely annulled by the ultimate pronouncement of the 24th of September, 1929.

The recited judgment and possibly other parts of the record, show that all the facts of this case took place on the same day. The trial was had on the 24th and both alleged judgments were pronounced on the same date. The rule is unquestioned that the court may correct its judgment during the term in which it is pronounced. *King* v. *Price,* 6 East 326, 102 Comp. 1312, where Lord Ellenborough said a different judgment may be pronounced within the term. *Regina* v. *Fitzgerald,* 1st Salkeld 401, 91 Comp. 347, showed that the imprisonment might be increased during the term. These and other cases are cited by the court in *State* v. *Daugherty,* 30 N. W. 685, deciding the same principle.

On the other hand, a consideration of *In re Sullivan,* 3 Cal. Ap. 193; *Ex parte Lange,* 18 Wall. 163; *Commonwealth* v. *Foster,* 122 Mass. 317; *United States* v. *Vayson,* 27 Philippine Reports 447, tends to show that once the execution of a judgment has begun, the court is powerless to make a correction. Mr. Justice Miller in *Ex parte Lange.* *supra,* shows that the principle underlying these decisions is something similar to a second jeopardy. The court in that case says that the reason why a man should not undergo a second or a severer judgment when the first is in process of execution, is the same or similar as in the case of a second trial, after a conviction or an acquittal. One of the differences in England was that apparently there was no valid judgment until a certain kind of enrolling took place and hence, nothing like second jeopardy could take place.

We have had some question whether anything approaching jeopardy took place where the court sentenced a man on a day and recalled him before the day was past, but we shall not rest our decision on this ground. The fact remains that the record does not disclose that the prisoner ever began to serve his first sentence. The return to the habeas corpus proceeding in this case shows that the jailer held him under the judgment as finally pronounced, namely, for a term of three months. Not even the petition in this case shows that the prisoner actually entered into prison. *Non constat* that he remained in the hands of one of the officers of the court and was taken to jail after the court had disposed of its business of the day. The petition recites that the municipal court on the same day heard other cases and then recalled the prisoner to pronounce the judgment of three months. The record is silent as to the whereabouts of the defendant in the interim of the alleged first judgment and the alleged second judgment. The appellant does not convince us that the municipal court lost power to correct its judgment.

In accordance with the general principles above enunciated, the judgment appealed from will be affirmed.