Ex Parte Manuel Zacarías Arroyo, a nombre y representación de Francisco Arroyo, peticionario y apelante, y El Pueblo de Puerto Rico, opositor y apelado.

No. 3983.—*Sometido:* Enero 16, 1931.—*Resuelto:* Enero 20, 1931.

---

* Nota: Véase el prefacio.

*O'Neill & Cacho,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

 La Corte de Distrito de Arecibo se negó a poner en libertad al acusado a virtud de una petición de *habeas corpus* presentádale. El peticionario radicó un escrito de apelación. El fiscal solicita la desestimación del recurso alegando que la notificación deja de seguir el estatuto y que esta corte carece de jurisdicción. La ley de *habeas corpus* de 1903, sección 6550 de los Estatutos Revisados, dispone lo siguiente:

"Se interpone una apelación, dando aviso de ella por escrito al tribunal o juez que hubiese dictado la providencia apelada, y a la parte contraria."

El escrito de apelación leía: "Al Sr. Secretario de esta Corte y al Hon. Fiscal del Distrito". La parte contraria fué notificada debidamente pero el fiscal sostiene que el juez o la corte no lo fué; en otras palabras que la notificación hecha al secretario no pedía favorecer al apelante. Aparentemente tratando al juez de lo civil cual si fuera un juez de paz. la Corte Suprema de Wisconsin dijo que el escrito de apelación debe notificarse al juez mismo y que una notificación hecha al secretario de la corte era insuficiente. *Fred Miller Brewing Co.* v. *Milwaukee,* 150 Wis. 3 , 136 N. W. 157. El caso

que tenemos ante nos fué presentado a la Corte de Distrito de Arecibo, que es una corte de récord. En ausencia de autoridad más convincente en contrario, creemos que el secretario de la corte de distrito representaba suficientemente a la corte. El *habeas corpus* es un procedimiento civil y de conformidad con el artículo 296 del Código de Enjuiciamiento Civil la apelación debe ser notificada al secretario.

Llegamos entonces a los méritos del caso. La Corte Municipal de Manatí juzgó al peticionario por el delito de portar armas y le sentenció a un mes de cárcel. El mismo día la corte volvió a llamar al acusado y le sentenció a tres meses de cárcel. El apelante aparentemente sostiene que la corte carecía de jurisdicción para dictar la sentencia en la forma en que últimamente lo hizo, pero que no obstante, su actuación final anuló la sentencia anterior dictada el mismo día.

La corte inferior resolvió que la cuestión del derecho a imponerle una sentencia de tres meses fué suscitada a destiempo. La teoría era que el peticionario debía cumplir primero la sentencia válida de un mes y entonces solicitar su excarcelación. Si el primer pronunciamiento de la corte municipal era válido y existente, entonces tal vez la corte de distrito estaba en lo cierto. Sin embargo, un examen de los autos revela que la Corte Municipal de Manatí pronunció una sola sentencia escrita, fechada el 24 de septiembre de 1929. La sentencia escrita dice que la corte, después de oír la prueba y los argumentos, declara al acusado culpable de una infracción a la ley de portar armas y le impone un mes de cárcel. Inmediatamente dicha sentencia escrita dice: "En este estado la corte llama al acusado para la reconsideración de la sentencia dictada anteriormente" y le sentenció a tres meses de cárcel. A la luz de este escrito, nos sentimos obligados a llegar a la conclusión de que la sentencia anterior quedó enteramente anulada por el último pronunciamiento del 24 de septiembre de 1929.

La ameritada sentencia y posiblemente otras partes de los autos demuestran que todos los hechos de este caso tuvieron lugar el mismo día. El juicio fué celebrado el 24 y ambas supuestas sentencias fueron dictadas en la misma fecha. La regla indubitada es que la corte puede corregir sus sentencias durante el término en que las ha pronunciado. *King* v. *Price,* 6 East 326, 102 Comp. 1312, donde el Lord Ellenborough dijo que una sentencia distinta podía ser dictada dentro del término. *Regina* v. *Fitzgerald,* 1st Salkeld 401, 91 Comp. 347, demuestra que el período de prisión puede ser aumentado durante el término. Estos y otros casos son citados por la corte en *State* v. *Daugherty,* 30 N. W. 685, resolviendo el mismo principio.

Por otra parte, una consideración de *In re Sullivan,* 3 Cal. Ap. 193; *Ex parte Lange,* 18 Wall. 163; *Commonwealth* v. *Foster,* 122 Mass. 317; *Estados Unidos* v. *Veyson,* 27 Jurisprudencia Filipina 481, tienden a demostrar que una vez que ha comenzado la ejecución de la sentencia la corte carece de facultad para corregirla. El Juez Asociado Sr. Miller en *Ex parte Lange, supra,* demuestra que el principio en que se basan estas decisiones es muy similar a una segunda exposición por el mismo delito (*jeopardy*). La corte en dicho caso dice que la razón por la cual un hombre no debe sufrir una segunda sentencia o una sentencia más severa cuando la primera está en proceso de ejecución, es la misma razón o una similar a la de un segundo juicio, después de haberse convicto o absuelto al acusado. Una de las diferencias en Inglaterra era que aparentemente no existía sentencia válida hasta que se hacía cierta clase de asiento (*enrolling*) y por tanto no podía tener efecto nada similar a una segunda exposición por el mismo delito.

Hemos tenido alguna duda respecto a si algo similar a una segunda exposición tuvo lugar cuando la corte sentenciaba a un hombre en un día y reconsideraba la sentencia antes de haber transcurrido el día, pero no basaremos nues-

tra decisión en este motivo. El hecho cierto es que los autos no revelan que el acusado jamás empezara a cumplir su primera sentencia. El *return* en el procedimiento de *habeas corpus* en este caso demuestra que el alcaide le detenía bajo la sentencia finalmente dictada, o sea, la que imponía al acusado tres meses de cárcel. Ni aun la petición en este caso revela que el acusado efectivamente ingresara en la cárcel. *Non constat* que el peticionario permaneciera bajo la custodia de uno de los funcionarios de la corte y que fuera llevado a la cárcel después de la corte haber terminado la labor del día. La petición dice que la corte municipal oyó otros casos el mismo día y entonces llamó nuevamente al acusado para dictar la sentencia de tres meses. Los autos guardan silencio respecto al sitio en que se hallaba el acusado durante el tiempo que medió entre la supuesta primera sentencia y la supuesta segunda sentencia. El apelante no nos convence de que la corte municipal perdiera su facultad de corregir la sentencia.

*De conformidad con los principios generales arriba enunciados, la resolución apelada debe ser confirmada.*