BRECKHEIMER, Respondent, vs. DANE COUNTY and others, Appellants (Relocation of state highway).

*September 14—October 11, 1932.*

For the appellants there were briefs by the *Attorney General, Samuel Bryan,* assistant attorney general, and *Fred Risser,* district attorney of Dane county, and oral argument by *Mr. Bryan.*

For the respondent there were briefs by *Sauthoff & Hansen* and *Anthony E. O'Brien,* all of Madison, and oral argument by *Mr. Harry Sauthoff* and *Mr. O'Brien.*

FRITZ, J. The petitioners, feeling aggrieved by an award made under sec. 83.08 (2), Stats., by the Dane county highway committee on the taking of petitioners' land for a highway, applied under that section to the county judge to appraise their damages. In relation to such an application to a county judge, sec. 83.07 (3), Stats., prescribes that—

"Such judge shall hear the parties, and in such manner as he may in his discretion determine, inform himself in respect to the matter, and within five days, make his award in writing and file the same in his office. The county committee or town board may then pay the sum awarded to the owner," etc.

That statute authorizes and requires the county judge to make his award in writing and file the same in his office. It does not authorize an award by arbitrators or appraisers or a mere confirmation of any such award. Neither does it authorize the entry of any judgment in the county court.

After several appearances before the county judge, one of the petitioners and the county highway committee, and their respective attorneys, with the approval of the county judge, entered into a written agreement which they designated "Arbitration agreement," and by which they agreed that the "subject of controversy be arbitrated" by appraisers, appointed by the parties, to make "their award, which amount shall be final and shall close all further argument, litigation, appeals to the county court or any other court." Thereafter majority and minority arbitrators' reports were filed awarding increased amounts of damages, and controversies having arisen as to the validity of the arbitrators' actions, the county judge filed two decisions as "By the Court" in which he discussed and passed upon the validity of the arbitrators' acts, as arbitration proceedings. Pursuant to those decisions and a motion by the petitioners' attorneys made "upon the award of the majority number of the arbitrators and arbitration agreement herein, . . . that said majority award be confirmed and judgment rendered thereon," an order "By the Court: George Kroncke, County Judge," was entered. That order confirms "the award made by the majority of the arbitrators herein," and orders the entry of judgment adjudging that one of the petitioners be paid an additional sum. Pursuant to that order a formal judgment by the county court of Dane county was entered, adjudging that the additional amount shall be paid by Dane county.

The entire record shows clearly that it was the intention of all of the parties by their agreement for arbitration to resort to arbitration and have an arbitrators' award, instead of a hearing and determination of the petitioners' damage by the county judge as prescribed by secs. 83.08 (2) and 83.07 (3), Stats. Proceedings on such an application to the county judge are valid only in so far as they are authorized by and are conducted in accordance with those

statutes. In so far as the statutes created the county highway committee, with certain authority in relation to awards for damages to landowners, and empowered the county judge to appraise the owner's damages, their respective jurisdiction is limited to such as is conferred within the four corners of the statutes. As their authority in these respects is of purely statutory creation, they are without jurisdiction or power to act except as authority is conferred upon them by statute. *Madison Rys. Co. v. Railroad Comm.* 184 Wis. 164, 166, 198 N. W. 278; *Union Indemnity Co. v. Railroad Comm.* 187 Wis. 528, 538, 205 N. W. 492; *State ex rel. Van Straten v. Milquet,* 180 Wis. 109, 113, 192 N. W. 392; *Chippewa Power Co. v. Railroad Comm.* 188 Wis. 246, 254, 205 N. W. 900. Neither the power expressly granted by the statutes, nor such power as can be inferred by necessary implication from such power as is expressly granted, authorizes the county highway committee to consent to the submittal of the issue of damages to arbitrators; or the county judge to substitute an award by arbitrators or appraisers for his hearing and determination as to damages, or merely to confirm arbitrators' or appraisers' awards, and then enter a court judgment thereon. No judgment and no proceeding whatsoever, in the county court, is authorized upon an application to the county judge under secs. 83.07 and 83.08, Stats. Those sections merely contemplate that the county judge shall file his written award in his office; and, in that event, if the owner deems himself aggrieved and desires a review of the county judge's determination, he is not required to appeal as from a judgment, but is entitled to a retrial in the circuit court of the matter at issue. If in the matter at bar the county judge had merely filed such an award instead of entering the judgment which has resulted in this appeal, there could not have been a review thereof on an appeal directly to this court. However, as a judgment was entered, it was proper to appeal therefrom; and as that judgment was entered

without jurisdiction it is void and must be reversed. *Saltzstein v. Nahmens,* 153 Wis. 272, 139 N. W. 751, 141 N. W. 234; *Kidder v. Fay,* 60 Wis. 218, 219, 18 N. W. 839; *Fred Miller B. Co. v. Milwaukee,* 150 Wis. 336, 340, 136 N. W. 157; *Borowicz v. Hamann,* 189 Wis. 212, 220, 207 N. W. 426; *State v. Roach,* 195 Wis. 545, 548, 218 N. W. 829.

*By the Court.*—Judgment reversed, and record remanded for further proceedings under secs. 83.07 and 83.08, Stats.