HIGHWAY COMMITTEE OF JEFFERSON COUNTY, Appellant,
vs. GUIST and wife, Respondents.

*May 7—May 25, 1940.*

*John M. Kelley, Jr.,* special assistant district attorney, for the appellant.

For the respondents there was a brief by *Grady & Dakin* of Watertown.

A brief was also filed by the *Attorney General* and *Warren H. Resh,* assistant attorney general, as *amici curiæ.*

FRITZ, J.   Upon the hearing of a motion noticed by the appellant, Highway Committee of Jefferson county, to have the appeal herein placed upon the current term calendar and advanced for a hearing because of the public interest involved, the respondents, Alvin D. Guist and wife, moved to dismiss the appeal on the ground that the only appeal au-

thorized from an appraisal made by a county judge in a proceeding under sec. 83.07 (3), Stats., is to the circuit court. See sec. 83.07 (4), Stats. That is true when an appeal is taken after an appraisal has been made by a county judge in performing his duties in that capacity under sec. 83.07 (3), Stats. However, in the proceedings at bar the county judge, instead of acting in solely that capacity, entertained respondents' motion addressed to the court for a dismissal; and thereupon entered an order "by the court" dismissing the proceedings for condemnation instituted by the appellants under sec. 83.07 (3), Stats., as authorized by sec. 83.08 (2), Stats. For reasons stated in *Breckheimer v. Dane County,* 209 Wis. 131, 134, 244 N. W. 584, the entry of that order by the court was clearly without any power or jurisdiction which the judge thereof had under sec. 83.07 (3), Stats. As we said in *Breckheimer v. Dane County, supra,*—

"No judgment and no proceeding whatsoever, in the county court, is authorized upon an application to the county judge under sections 83.07 and 83.08, Stats. . . . If in the matter at bar the county judge had merely filed such an award instead of entering the judgment which has resulted in this appeal, there could not have been a review thereof on an appeal directly to this court. However, as a judgment was entered, *it was proper to appeal therefrom;* and as that judgment was entered without jurisdiction, it is void and must be reversed."

As, in the matter at bar, an order was likewise entered "by the court" without jurisdiction, an appeal therefrom to this court was proper, and as the court entered the order without jurisdiction, it is void and subject to a reversal on that ground.

Moreover, it was also clearly error to dismiss the condemnation proceedings upon the ground relied upon by the respondents. They contend that, because the area of the land as to which the appellant instituted the condemnation proceedings in the manner provided by sec. 83.07, Stats.,

exceeds two acres, the procedure under sub. (3) thereof was not applicable or authorized in relation to that land. That contention was sustained by the judge upon his conclusion that the appellant's petition showed that the land was to be acquired for highway purposes only, and not for the purposes mentioned in subs. (2) and (2a) of sec. 83.07, Stats. The respondents' contentions and the ruling thereon are unsound. At all times since the provisions which are now in secs. 83.08 and 83.07 (with the exception of sub. (2a) of the latter section) were revised, amended, and renumbered by chs. 108 and 446, Laws of 1923, there has been in sec. 83.08, which provided for the acquisition of land needed for the construction, improvement, or relocation of a state highway, the provision in sub. (2) thereof that,—

"If for any reason the needed lands cannot be acquired by easement, conveyance or deed for a reasonable price, the county highway committee shall acquire the same either by condemnation proceedings in the manner provided by chapter 32 of the statutes or by section 83.07. . . ."

Therefore, ever since the enactment of chs. 108 and 446, Laws of 1923, county highway committees have been authorized to acquire lands needed for the purposes mentioned in sec. 83.08 by condemnation proceedings in either the manner provided by sec. 83.07 or by ch. 32. That authorization to proceed in the manner provided by sec. 83.07 (3), Stats., has not been abrogated or impaired in any respect by the later addition of sub. (2a) (enacted by ch. 363, Laws of 1931) to sec. 83.07, Stats., to also authorize condemnation proceedings in the manner provided by sec. 83.07 for the acquisition for other purposes of tracts not in excess of two acres which are separated from the main body of land from which lands are taken to relocate or straighten a highway, etc. Consequently, appellant's right to resort to condemnation proceedings in the manner provided by sec. 83.07, Stats., was not limited to land sought to be acquired for but the purposes mentioned in subs. (2) and (2a) of 83.07, Stats.

On the contrary, that right existed likewise in relation to the acquisition of the land in question for the purpose stated in appellant's petition.

The respondents further contend that the county judge is without power or authority to award damages to the remainder of the farm by reason of the taking of the lands in question. The proceeding in this case is an exercise of the power of eminent domain delegated by the legislature to the county highway committee and the town board. The appraisal to be made by the judge under the provisions of sec. 83.07 (3), Stats, is an appraisal of the damages which the respondents will sustain. In explicit terms, it is the difference between the value of the property before the taking and the value of the property after the taking. *Nowaczyk v. Marathon County,* 205 Wis. 536, 238 N. W. 383; *Fiorini v. Kenosha,* 208 Wis. 496, 243 N. W. 761; *Leininger v. County Highway Committee,* 217 Wis. 61, 258 N. W. 368. The elements to be considered in arriving at this determination have been stated over and over again and it is not necessary for us to repeat them here.

The respondents further contend that they are entitled to tax costs in the proceeding before the county judge. Here as in other instances respondents fail to distinguish between the county court and the county judge. The statute makes no provision for the taxation of costs in this proceeding, hence the judge has no power to award costs.

If the respondents are dissatisfied with the appraisal, they may appeal to the circuit court. In that court the proceeding will be according to the provisions of sec. 32.11, Stats. The matter will then be before a court and not before a judge. The respondents will be entitled to costs if successful. They will also be entitled to a jury trial unless they waive a jury. (Sec. 32.11, Stats.) Proceeding under that section will also afford the parties due process. The County Highway Committee and the town board having acted in the exercise of

legislative authority in the taking of the property, the question of taking is no longer open for consideration. All that remains is to determine just compensation. The taking is an exercise of the sovereign power of the state. 18 Am. Jur., Eminent Domain, §§ 7–9.

*By the Court.*—Order reversed, and record remanded for further proceedings under and in accordance with secs. 83.08 and 83.07, Stats.