SARAH ANDERSON v. IDA HILL.[1]

April 20, 1934.

No. 29,830.

*Fryberger, Fulton & Boyle,* for relator.
*John F. Maki,* for respondent.

*STONE, Justice.*

*Certiorari* to review an order of the district court dismissing the application of the petitioner for relief under the mortgage moratorium act, L. 1933, c. 339, part 1, § 4.

By her petition, the petitioner set forth her ownership of the involved real estate; that a mortgage thereon, held by respondent, had been foreclosed; and that the time for redemption would expire August 27, 1933. The petition was served and filed August 25, 1933. As far as it prays relief, it speaks in the present tense, stat-

[1]Reported in 254 N. W. 585.

ing that the petitioner "makes this application to the court for an order determining the reasonable value of the income on, or the reasonable rental value of said property, for an order directing and requiring the owners in possession to pay a reasonable part of said income or rental value in and toward the payment of taxes, insurance, interest and/or mortgage indebtedness at such times and in such manner as the court shall order and determine, for an order extending the time within which redemption may be made under said foreclosure sale and for such other and further relief as to the court shall appear just and equitable * * *." There followed a formal prayer for the wanted relief.

With the petition was served and filed a notice that on September 9 petitioner would "apply to the court for an order" granting the relief asked for in the petition.

■ The controlling portion of the statute (L. 1933, c. 339) is found in part 1, § 4:

"Where any mortgage upon real property has been foreclosed and the period of redemption has not yet expired, * * * the period of redemption may be extended for such additional time as the court may deem just and equitable but in no event beyond May 1st, 1935; provided that the mortgagor, or the owner in possession of said property, * * * shall prior to the expiration of the period of redemption, apply to the district court having jurisdiction of the matter, on not less than ten days' written notice to the mortgagee or judgment creditor, or the attorney of either, * * * for an order determining the reasonable value of the income on said property, * * *; and the court shall thereupon hear said application and after such hearing shall make and file its order directing the payment by such mortgagor, or a judgment debtor, of such an amount at such times and in such manner as to the court shall, under all the circumstances, appear just and equitable. Provided that upon the service of the notice or demand aforesaid that the running of the period of redemption shall be tolled until the court shall make its order upon such application."

The petition was dismissed upon the ground that "the service of the notice on the respondent cannot be an application to the court, but the filing of the petition might be so considered if it were not for the fact that the petitioner, in her notice, states application will be made to the court on September 9th."

We think that a mistaken application of the law. True, the application, in order to be effective, must be made before the expiration of the redemption period. We think it was in this case. The petition was the application, and the making of it complete when it was served and filed, as it was before the end of the redemption period. The notice was not the application. It was but the procedural device for bringing the matter on for hearing at the time and place stated. The petition, not the notice, was the application. Having been filed and served before the end of the redemption period, it had the effect of preventing the latter from running, as the statute explicitly declares, until the making of the order upon the application.

■ The mortgage statute is in derogation of the common law— very much so. But that doe snot justify us in construing it strictly. State ex rel. City of St. Paul v. M. St. P. & S. S. M. Ry. Co. 190 Minn. 162, 251 N. W. 275 (following Wells-Dickey Trust Co. v. C. B. & Q. R. Co. 159 Minn. 417, 199 N. W. 101). The law is plainly remedial and so should be given a fair construction, where construction is needed, in aid of its purpose.

Order reversed.