## G. S. SWANSON v. CROSS LAKE LAND COMPANY.[1]

June 15, 1934.

No. 29,928.

*Swanson, Swanson & Swanson* and *Egil H. Sylvander,* for relator. *Murphy & Cook,* for respondent.

*HOLT, Justice.*

*Certiorari* to the district court to review an order vacating an order granting relator an extension of time to redeem from a mortgage foreclosure sale under the provisions of L. 1933, c. 339.

Respondent moves to dismiss because a formal judgment of dismissal had been entered on the order when the writ of *certiorari*

[1]Reported in 255 N. W. 812.

was applied for, and hence the exclusive remedy was by appeal from the judgment; also, the petition for the writ was defective in not disclosing the judgment. The rule of Neumann v. Edwards, 146 Minn. 179, 178 N. W. 589, is invoked. We think the rule there stated is not here applicable. The relief to be granted under L. 1933, c. 339, is by order and not by judgment. Section 6 provides that the order shall be entered and filed within five days after trial or hearing, and that a review thereof in this court may be had by *certiorari* if application be made within 15 days after notice of the order. The order to be reviewed was filed December 4, 1933, and the petition for the writ disclosed that relator had not been served with notice of the order on January 13, 1934. The writ issued from this court on January 16. On January 8, 1934, the attorneys for respondent, without notice to relator or his attorneys, caused the judgment of dismissal to be entered. The order vacating the previous order conformed to this statute and did not direct the entry of any judgment. We think the entry of judgment was an unnecessary and uncalled for step in a proceeding under the law in question and had no effect upon the remedy for reviewing the order granted by § 6 thereof.

*On the merits.* The learned trial court vacated the prior order of October 27, 1933, which granted relator relief, having reluctantly come to the conclusion that jurisdiction over respondent had not been obtained. In this we think the court erred. It appears that relator presented his petition to the court for extension of the time of redemption on October 7, 1933. Thereon the court issued its order requiring respondent to show cause on October 21, 1933, why the relief petitioned for should not be granted and directing that service of the order to show cause be made on respondent or its attorneys. The mortgage involved had been foreclosed by advertisement, the sale having been made October 8, 1932. October 8, 1933, fell on a Sunday. Service of the order to show cause was made personally on October 9, 1933, on the attorneys who made the foreclosure. Respondent is a foreign corporation but maintains an office in Duluth. The order to show cause was served by mailing a copy thereof to respondent at Duluth on October 7, 1933, which it

received on October 10. At the hearing respondent appeared specially and objected to the jurisdiction of the court, claiming that the service by mail was not authorized under the law and that service on the attorneys who foreclosed the mortgage was invalid and not due process, since they were not its attorneys when the order to show cause was served. The court held the service good, being of the opinion that the service upon the attorneys was ineffective, but apparently deemed the service by mail sufficient. An extension of time to redeem was granted upon conditions as authorized in the law. Thereafter respondent appeared specially and moved the court to vacate the order on the grounds already stated. The trial court concluded that it was in error when the service by mail was held effective.

We are in accord with the trial court that a notice, such as to give the court jurisdiction to hear and determine matters within the purview of L. 1933, c. 339, must be made personally and not by mail. The law contains no provision for mailing notice. But we think the service of notice of motion upon the attorneys who foreclosed respondent's mortgage was valid and gave the court jurisdiction over respondent for the limited purpose conferred by said chapter. True, in In re Grundysen, 53 Minn. 346, 55 N. W. 557, it was held that the attorneys foreclosing a mortgage by advertisement had not authority to act for the mortgagee in receiving the redemption money from the sheriff. That was a summary proceeding against the sheriff to penalize him for his refusal to pay the redemption money to the attorneys who foreclosed the mortgage. The sheriff answered that he stood ready to pay the same to the attorneys if they produced some evidence of authority to receive it from the mortgagee, in whose name the property was bid in at the sale. The court held that the sheriff's demand was proper—the attorneys' employment being in the nature of an agency to foreclose the mortgage, and that employment was considered ended when the instruments evidencing the sale were filed by the attorneys. We think there can be no doubt of the intention of the legislature to confer jurisdiction upon the court to extend the time of redemption, under L. 1933, c. 339, by service of the motion for hearing or order to

show cause upon the attorney who foreclosed a mortgage, regardless of whether the foreclosure was by action or by advertisement. Where an attorney has been employed in litigation which has resulted in a judgment in favor of his client, as for instance in a divorce action, a notice of motion to vacate such judgment served upon such attorney, several years after the rendition of the judgment, gives the court jurisdiction. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Miller v. Miller, 37 Howard Pr. 1; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095. The theory upon which service is held good is that the attorney who has secured a judgment for his client has a continuing interest in maintaining the integrity of that judgment so that if he receives notice of an attack thereon it will be presumed that such notice is duly communicated to his former client. This does not hold good as to service of notice upon the attorney for the defeated party. Berthold v. Fox, 21 Minn. 51. In Brown v. Arnold (C. C. A.) 131 F. 723, 725, Judge Sanborn states the rule thus:

"While the general rule is said to be that the authority derived by an attorney at law from a general retainer to conduct a litigation on behalf of his client ceases when the judgment is rendered, there are many exceptions to this rule, and in the actual practice of the law it is at least doubtful whether it is not more honored in the breach than in the observance. Among the acknowledged exceptions to it are the authority of the attorney for the party who prevails in the judgment to collect it, his authority to receipt for its proceeds and to discharge it, his authority to admit service of a citation issued upon a writ of error or appeal to review it, and his authority to oppose any steps that may be taken within a reasonable time by the defeated party to reverse it."

The last mentioned exception to the rule was applied in Phelps v. Heaton, 79 Minn. 476, 82 N. W. 990; but the fact that plaintiff was a nonresident was thought important. Turner v. Even, 160 Minn. 238, 199 N. W. 751, involved service on the attorney of the defeated party, but the decision was placed on the ground that jurisdiction was reserved by the terms of the judgment. However, it appears

fairly settled that the attorney who obtains a judgment for his client has authority, as Judge Sanborn said, "to oppose any steps that may be taken within a reasonable time by the defeated party to reverse it," or to modify or alter it. If he retain authority to act for his former client to protect the judgment he obtained for him, it would seem to follow that notice of a motion to reverse, modify, or alter such judgment. properly served on such attorney confers jurisdiction on the court. The relation between the client and the attorney foreclosing a mortgage by action is practically the same as obtains when the foreclosure is by advertisement. In the latter case the attorney's authority is a matter of record as well as in the former. He is charged with the duty as an attorney to make valid foreclosure in the one case as in the other, and therefore should retain authority to oppose any attack which might affect the foreclosure and rights thereby obtained.

Respondent's contention, that this law intends service on an attorney only if at the time of service he is actually the attorney representing the mortgagee generally or specifically with respect to the sale, cannot be adopted. There would be no practical method to ascertain who might be the general or special attorney of a mortgagee. Many mortgagees are nonresidents. Few mortgagees have attorneys under a general retainer, and still fewer have retained attorneys to specially look after foreclosed property. Knowing that where judgments have been obtained and where mortgages have been foreclosed by advertisements the records do show who therein acted as attorneys and those attorneys are residents of this state and may readily be personally served with notice of motion or process, there cannot be any doubt that the legislature in L. 1933, c. 339, § 6, meant such attorneys as so appear of record. In the instant case respondent, the mortgagee, bid in the property at the sale, and we are not troubled with a case where some outside party held the sheriff's certificate.

The proceeding was begun in time. Anderson v. Hill, 191 Minn. 414, 254 N. W. 585.

The order vacating the order of October 27, 1933, is reversed.

*DEVANEY, Chief Justice,* took no part.