## JOHN H. REBOLD v. CITIZENS STATE BANK OF BRAINERD.[1]

March 22, 1935.

No. 30,182.

Swanson, Swanson & Swanson, for relator.
Ryan, Ryan & Ryan, for respondent.

[1]Reported in 259 N. W. 684.

74

Devaney, Chief Justice.

This is a proceeding for the extension of the period of redemption under a real estate mortgage foreclosure sale, instituted pursuant to 1933, c. 339, part 1, § 4, 3 Mason Minn. St. 1934 Supp. § 9633-5, known as the mortgage moratorium act. The mortgage was foreclosed by the sale of the premises on June 5, 1933. May 25, 1934, the mortgagor, through his attorney, served upon the mortgagee a petition or application and notice for the extension of the period of redemption. This notice set the date for the hearing by the court on August 14, 1934. The year of redemption expired on June 5, 1934, prior to the date set for the hearing. It is admitted that neither the notice nor the petition or application for the extension was filed with the court prior to the expiration of the year of redemption. L. 1933, c. 339, § 4, provides that:

"* * * the mortgagor, or the owner in possession of said property, * * * shall prior to the expiration of the period of redemption, apply to the district court having jurisdiction of the matter, * * * for an order * * *."

When this petition to extend the period of redemption came on for hearing the court dismissed the same on the ground that no application had been made within the period of redemption. A writ of *certiorari* brings this ruling here for review.

We think the lower court was correct in his view of the law. The statute says "shall prior to the expiration of the period of redemption, apply." The mortgagor did not do this. He merely served notice during the period of redemption on the opposing party that after the expiration of the period he would apply. He did not actually make application within the year of redemption. This view is in accord with what we said in the recent case of Anderson v. Hill, 191 Minn. 414, 416, 254 N. W. 585, 586:

"The petition was the application, and the making of it complete when it was served and filed, as it was before the end of the redemption period. The notice was not the application. It was but the procedural device for bringing the matter on for hearing at the time and place stated."

Affirmed.