## ARNOLD J. KOERBER AND ANOTHER v. LENA THOMPSON.[2]

April 26, 1935.

No. 30,422.

*T. D. Sheehan,* for relator.
*Fred F. Weddel,* for respondents.

[1]Reported in 260 N. W. 320.
[2]Reported in 260 N. W. 353.

PER CURIAM.

Proceeding for the extension of the period of redemption under a real estate mortgage foreclosure sale, instituted pursuant to L. 1933, c. 339, part 1, § 4, 3 Mason Minn. St. 1934 Supp. § 9633-5, known as the mortgage moratorium act. The mortgage was foreclosed on November 15, 1932, by the sale of the premises. On November 18, 1933, the district court, upon application theretofore duly made by the mortgagors, extended the time of redemption to November 1, 1934. On October 22, 1934, the mortgagors served upon the attorney for the mortgagee (purchaser at the sale) a notice stating that on November 10, 1934, they would "apply to the district court" in the village of Baudette, Minnesota, for an "order determining the reasonable rental value of said property * * *, and for an order extending the period of redemption from said mortgage foreclosure sale, for such additional time as to said court may seem just and proper." On November 8, 1934, the parties stipulated that the date of the hearing might be continued to December 5, 1934, at the village of Aitkin, and that the matter might then be heard with the same force and effect as though heard at Baudette on November 10, as originally noted, and that no objection would be interposed by reason of the delay in hearing the matter.

No petition, notice, or other papers relative to the matter were filed with the district court prior to the date of the hearing. After hearing, the court extended the time in which redemption might be made to May 1, 1935. The case is here on *certiorari*.

Under the authority of Anderson v. Hill, 191 Minn. 414, 254 N. W. 585, and Rebold v. Citizens State Bank, 194 Minn. 73, 259 N. W. 684, there must be a reversal. Service of the notice hereinbefore referred to did not satisfy the statutory provision requiring an application to the court before expiration of the redemption period. On November 1, 1934, title to the premises passed to the purchaser at the mortgage foreclosure sale because of the expiration of the extended period of redemption. In this proceeding the question as to whether payments, if any, made to the mortgagee subsequent to the extension of the extended time of redemption, invalidated the effect of the mortgage foreclosure cannot be here now considered.

Order reversed.