## ALICE M. CAMPBELL v. ELOF E. JOHNSON.[1]

November 8, 1935.

No. 30,542.

*Charles H. Winter,* for relator.

There was no brief filed or appearance made on behalf of respondent in this court.

HOLT, JUSTICE.

In virtue of L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21, the court extended the time within which respondent might redeem from a mortgage foreclosure sale.

In 1928 respondent and her husband executed a mortgage on certain lots in the village of Fosston, owned by the husband, to secure $2,000 borrowed of relator. Because of default the mortgage was foreclosed by advertisement, relator bid the property in at the sale held July 7, 1933, for $2,010.45, and the sheriff's certificate of sale to him was duly issued and recorded July 18, 1933, in the office of the register of deeds in Polk county. The time for redemption expired on July 7, 1934. Respondent's husband died prior to the foreclosure. On August 22, 1934, she served notice on relator that on September 6, 1934, she would apply to the court for an extension of time to redeem on the grounds stated in her petition

[1]Reported in 263 N. W. 94.

dated August 20. On the return date relator, by attorney, appeared and objected to the court's entertaining the matter for lack of jurisdiction to grant relief under the moratorium act. The court overruled the objection, received testimony, and on May 1, 1935, filed findings granting respondent time to redeem until May 15, 1935.

The assignments of error are: (1) Overruling relator's objection to the jurisdiction of the court or his oral demurrer to respondent's petition; (2) the findings were not filed within five days after the hearing; and (3) the order extending the time of redemption is not justified by the evidence.

We think the petition clearly shows that respondent did not bring herself within the moratorium act of 1933. It showed that the time of redemption had expired and that the title acquired at the mortgage sale had vested in the mortgagee before respondent signed the petition for relief. The alleged excuse that she had been "misled by the advice for counsel and by the promise of the mortgagee herein mentioned to permit the petitioner to redeem until such a time as ten days' notice of his withdrawal of such permission was given" finds no justification in the act. There is no provision suggesting that after title has vested in the mortgagee the mortgagor may petition the court for relief under the act. The act is a summary proceeding for relief in cases where a valid foreclosure of a mortgage has not vested title in the mortgagee by expiration of the year of redemption. The proceeding being summary, it provides for filing of the order within five days after submission. Here was a delay of eight months in the making and filing of the order, made on the day the act by its terms ends, yet the court grants extension to May 15, 1935, clearly beyond its jurisdiction.

The evidence did not justify an extension even though the petition had been filed in time. The evidence is clear that respondent and her attorney had no intention to redeem and never sought a promise from relator to postpone redemption. They did seek to obtain from him an assignment of the sheriff's certificate of sale. Her husband's estate was being administered in the probate court, and claims had been filed therein, so that if redemption was made the

creditors of the estate alone would have benefited thereby. The finding of fact that relator had promised to accept redemption at any time after the year expired until his promise was withdrawn by a ten-day notice is not justified by the evidence.

The findings and order are vacated, and the court below is directed to dismiss the respondent's petition.