## JOHN B. IRWIN v. FRANK AND MARGARET WREN. FRANK AND MARGARET WREN v. JOHN B. IRWIN AND OTHERS.[1]

Nos. 30,518, 30,525.

November 8, 1935.

[1]Reported in 263 N. W. 152.

*Erland Lind* and *W. L. Hursh,* for relator and appellants.
*Howard P. Quealy* and *Ralph M. McCareins,* for respondents.

LORING, JUSTICE.

Two cases involving the same parties and same subject matter are here consolidated for the purpose of reviewing the proceedings had in a mortgage foreclosure proceeding, and extension of the period of redemption under L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21, and L. 1935, c. 47. Case No. 30,518 comes here on a writ of *certiorari* to the district court of Hennepin county. Case No. 30,525 is an appeal from a judgment of the Minneapolis municipal court.

John B. Irwin and wife on April 20, 1929, executed a mortgage on their farm to the respondents, Frank and Margaret Wren. January 3, 1933, the mortgage, then in default, was foreclosed. In December, 1933, and within the one-year period of redemption, Irwin applied to the district court for an order extending the redemption period under L. 1933, c. 339. The application was heard, and on January 23, 1934, the district court ordered that the redemption period be extended to May 1, 1935, on condition that Irwin pay to respondents, during the year 1934, the sum of $600 in equal monthly instalments. The same order required Irwin to pay respondents $50 per month during the months of January and February of 1935 and March 1, 1935, $500. All these instalments were paid except that due March 1, 1935. Notice of default for failure to make the March 1 payment was filed March 5, and under c. 339 the redemption period would expire March 31. March 15, L. 1935, c. 47, became law. That act provided that the redemption period from any mortgage foreclosure had previous to the act was thereby extended for 30 days [part 1, § 4], and further:

"* * * this act shall also apply to mortgage foreclosures wherein the district court has previously postponed the sale or

granted one or more extensions of the time for redemption, all pursuant to the provisions of Laws 1933, Chapter 339; provided that the period of redemption has not expired. * * *"

March 30, 1935, Irwin petitioned the district court and asked that the order of January 23, 1934, be amended and modified and that an extension of time for redemption until March 1, 1937, be granted. Respondents, alleging that the redemption period expired March 31, on April 2 started unlawful detainer proceedings in the municipal court seeking restitution of the premises. April 12, on the petition of Irwin, the district court issued a temporary restraining order forbidding respondents from proceeding further with the unlawful detainer action until final disposition of Irwin's petition for modification and extension. The district court refused to receive evidence under the petition, evidently on the theory that title had passed and that it no longer had jurisdiction under the moratorium act. It then dismissed Irwin's petition on April 17. Irwin's motion to the district court to continue the restraining order in effect was denied. April 23 the municipal court filed its order for judgment in favor of respondents and against Irwin in the unlawful detainer action, and judgment for restitution of the premises was entered April 24.

We think both courts were in error. Prior to the expiration of the period for redemption under the moratorium act of 1933 the moratorium act of 1935 became law. It specifically applied to periods of redemption extended by the act of 1933. Irwin's mortgage was then in the same situation as if the original period of redemption had been about to expire on March 31, 1935. Prior to that time he made application for its extension and for the modification of the terms theretofore ordered. This tolled the redemption period until the court might hear and determine the merits of the application. The legislative extension of the period of redemption for 30 days by the act of 1935 was incidental to the main purpose of the act and necessary to give judicial machinery an opportunity to operate. As such its validity was determined by the Blaisdell case, 290 U. S. 398, 445, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481.

We are also of the opinion that the whole act must be construed together to make it an effective instrument of relief to distressed and deserving mortgagors. Therefore the extension of the period of redemption during the pendency of an application for further extension also applied to the motion for modification of terms.

The question of whether an emergency exists which justifies the exercise of the police power as in the 1935 moratorium act has been decided in National Bank of Aitkin v. Showell, 195 Minn. 273, 262 N. W. 689.

As we read relator's petition, it presented a case for hearing on the merits, and the order of the district court is reversed and the case remanded for such consideration.

The judgment of the municipal court is reversed.

UPON APPLICATION FOR REARGUMENT.

On January 10, 1936, the following opinion was filed:

PER CURIAM.

The respondents earnestly contend that the 1935 moratorium act is unconstitutional insofar as it attempts to provide for the extension of the period of redemption where courts have already fixed the terms and defined the limits of such periods under the 1933 act. We do not so consider it. The 1933 act expired by limitation on May 1, 1935, if the emergency continued until then. Under § 5 of that act, as we construe it, the court might upon a proper showing reëxtend the period of redemption within the stated limit where it had already once extended it. The act of 1935 in effect extended the period during which that power might be exercised. The temporary legislative extension was "obviously to give a reasonable opportunity for the authorized application to the court." We think that was a reasonable exercise of the police power within the holding in the Blaisdell case, 189 Minn. 422, 448, 249 N. W. 334, 893, 290 U. S. 398, 445, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481, here and above. And we think the judicial extension of extensions previously judicially granted no more unconstitutional than the powers sustained in that case over foreclosure by action or execution sales. Whether the mortgagee's rights are based solely upon ordi-

nary contract or on those previously submitted to the court on application for extension, we deem them still subject to the police power reasonably exercised under the existing emergency.

Motion denied.

