PETTERS AND COMPANY v. JEFFERSON COUNTY BANK.[1]

November 22, 1935.

No. 30,584.

[1]Reported in 263 N. W. 453.

O. K. *Alger*, George W. *Beise*, and Stanley B. *Houck*, for relator.
R. G. *Cushing*, for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to review an order of the trial court sustaining respondent's objection to the jurisdiction of the court and dismissing the application of the relator for extension of the time to redeem from a mortgage foreclosure sale under the moratorium act of 1935, L. 1935, c. 47.

The relator was the owner of a tract of 160 acres of land in Pope county in this state, subject to a mortgage of $10,000 to the respondent. The mortgage was foreclosed by advertisement, and a sale thereof on foreclosure was had on May 12, 1934. The property was bid in by the respondent mortgagee. The relator applied to the district court for an extension of the time to redeem up to May 1, 1937. This application was presented to the judge of the district court on May 8, 1935, and on that day the court made its order to show cause for the hearing of the application before the court on May 18, 1935. On May 8, 1935, the application and order to show cause were duly served upon the respondent's attorney, who had foreclosed the mortgage for the respondent. The matter came on to be heard before the court on May 18 pursuant to the order to show cause. The respondent appeared specially and objected to the jurisdiction of the court and moved for an order dismissing the proceeding for want of jurisdiction. The district court, on May 27, 1935, made its order sustaining respondent's objection to its jurisdiction and granting the motion to dismiss the proceeding. The claim of the respondent, as far as jurisdiction is concerned, is that because the application and order to show cause were not filed in the office of the clerk of the district court until May 16, 1935, the application was too late.

1. The trial court erred in sustaining the objection to its jurisdiction in the matter. We have held in a number of cases that a

mere notice served by the applicant that he will apply to the court for an extension of time to redeem, which notice fixes a time beyond the expiration of the time to redeem, is not sufficient, and such an application, where nothing more is done than to serve a notice prior to the expiration of the redemption period for a hearing to be had later than the expiration of the redemption period, is too late; that the mere notice does not amount to an application to the court within the redemption period. Where, however, the application is actually presented to the court before the time to redeem expires, the court entertains the application and issues an order to show cause, returnable in due time but after the expiration of the redemption period, and the application and order are served on respondent or his attorney before the expiration of the time to redeem, a different question is presented. In such a case the application is presented in time, although it is not filed with the clerk of court until a later date. The two recent cases of Anderson v. Hill, 191 Minn. 414, 254 N. W. 585, and Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812, in effect so hold. It must be held that, where the application is actually presented to the court, the court entertains it and issues an order to show cause, and the application and order are served upon the opposite party or his attorney within the redemption period, the application is made and is effective, even without the filing of the application and order with the clerk.

2. The trial court, in its memorandum attached to the order dismissing the proceeding, points out that the rule of the court in reference to filing the order had not been complied with, also that the application failed to show any exigency, as required by another rule of the district court. The court also calls attention to the fact that the application does not show that the relator is in possession of the property and shows that it is not the mortgagor. The court might very well have further called attention to the fact that the application here wholly fails to set out any rights or equities which would authorize the court to grant an extension. The application does not allege the value of the land in question. The mortgage is for the sum of $10,000. At the time of the fore-

closure there was interest due in the sum of $1,243.33 and taxes paid by the respondent of $89.50. At the time of the application there was the further sum of $600 interest accrued, and no doubt further taxes against the land. The application states that the land had produced no appreciable net income or revenue during all of the years 1932, 1933, and 1934. There is an allegation, made on information and belief, that the reasonable rental value of the premises will not exceed two dollars an acre for corn land and hay and pasture land and one-third of the small grain raised and grown upon said premises for each year. There is no allegation as to whether or not there is any cultivated land on the premises. The relator does not allege that it has made any effort to refinance the mortgage, or that there is any prospect or expectation that the mortgage can be refinanced, or that relator is or will be at any time in a position to make any substantial payment on the indebtedness. At a rental of two dollars an acre the land would produce only a little more than one-half of the interest charge, to say nothing of taxes. The relator waited until the very end of the redemption period before making his application. In that situation the application is without merit or equity, and the court, as far as we can determine, could have granted no relief. While the court erred in sustaining objections to its jurisdiction, there appears to be no reason why this litigation should be further extended and carried forward to what must ultimately result in no benefit to the relator except to delay the respondent in obtaining possession of the land. The matter is here on *certiorari,* which brings the entire record before this court, and, where relator is not entitled to any relief, there is no good reason why we should reverse for further proceedings in the district court.

The writ of *certiorari* is discharged, and the order appealed from is affirmed.

Affirmed.