## NATHAN RIVKIN v. M. E. NILES.[1]

December 13, 1935.

No. 30,617.

[1]Reported in 263 N. W. 920.

636

*I. W. Stark* and *George H. Niles,* for relator.
*Louis B. Schwartz* and *Nathan Rivkin,* for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to review an order of the district court extending the time to redeem from a mortgage foreclosure sale.

We refer to the mortgagor as plaintiff and to the mortgagee as defendant. The defendant appeared at the hearing in district court and objected to the jurisdiction on the ground that the court had no jurisdiction over the defendant or the subject matter. The court overruled the objection. Defendant made no further appearance and took no part in the hearing on the merits. The question for review is whether the court erred in overruling the objection to its jurisdiction.

1. Defendant raises two questions in respect to the jurisdiction: First, it is contended there was no service of notice on defendant or her attorney of the application for extension of time to redeem.

The mortgage in question was foreclosed by advertisement and the sale had May 1, 1934. The time to redeem would have expired May 1, 1935. George H. Niles, the defendant's husband, was the attorney who foreclosed the mortgage for her. At the time of the foreclosure of the mortgage, they were residents of Minneapolis in this state. They thereafter removed to Montana, and, at the time this proceeding was commenced, they resided at Oneill, Montana. The moratorium law, L. 1935, c. 47, § 4, provides that the mortgagor shall, prior to the expiration of the period of redemption, apply to the district court, on not less than ten days' notice, for an order for extension of the time to redeem, on terms to be fixed by the court. The application here was in the form of summons and complaint instead of by petition. The form of the application is not important. Section 2 of the act of 1935 provides that where there has been no foreclosure sale the application shall be by summons and complaint; while § 4, which relates to applications after there has been a foreclosure sale, simply provides for an application to the court for the proper order to be made. We take it that this difference is based on the fact that where there has been a foreclosure sale and the property bid in by the mortgagee the proceeding has already been commenced by the mortgagee and is pending until the expiration of the redemption period. An attorney for the mortgagor has appeared of record in the foreclosure proceeding, whether it is a foreclosure by action or by advertisement, and there is no need of starting a new action. So the mortgagor applies to the court on notice to the mortgagee or his attorney in the pending foreclosure proceeding. We held, accordingly, in Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812, that service of notice upon the attorney who foreclosed the mortgage was valid. The defendant refers to the law that process cannot be served outside of the state on a nonresident except by publication, in cases where such substituted service is allowed. The service of a notice in a suit or proceeding already pending is not service of process.

The application here was presented to and entertained by the court on April 12, 1935, and the court, on that day, made its order for hearing thereon on May 7, 1935, or as soon thereafter as counsel

could be heard. The order further provided that notice of such hearing be given to defendant by service on him, or his agent or attorney, of the summons, complaint, and order not less than ten days prior to the date of hearing. The papers were filed in the office of the clerk of court on April 15, 1935. On April 17 plaintiff's attorney mailed copies of the summons, complaint, and order to the defendant, M. E. Niles, and to George H. Niles, her attorney, at Oneill, Montana, that being their place of residence and post office address. That these papers were duly received by the persons addressed is not denied. The order of the court was the notice directed to be served, and no other notice was required.

As already noted, what was here to be served was a notice and not process. While it is true, as stated in Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812, that the moratorium act does not say anything about service by mail, neither does it say that the service of notice shall be personal service. It merely says that the hearing is to be "on not less than ten days' written notice to the mortgagee or judgment creditor, or the attorney of either, as the case may be."

In the Swanson case, 192 Minn. 81, 255 N. W. 812, it was held that notice by mail to the mortgagee was insufficient. There the mortgagee, while a foreign corporation, had an office in Duluth and could have been there served. In the present case defendant and her attorney were both nonresidents and could not be personally served in this state. In view of 2 Mason Minn. St. 1927, § 9240, the question here presented is somewhat different than in the case cited. That section provides, in substance, that where a party who has appeared resides out of the state and had no attorney in the action notice may be served on him by mail if his residence is known. But where a party, whether resident or nonresident, has an attorney in the action, service must be made upon the attorney. And, if the attorney shall have removed from the state, service may be made upon him personally or by mail, if his residence is known. While this section refers to "action," no good reason appears why it should not apply to a proceeding such as this under L. 1935, c. 47.

2. One other fact as to service appears. On April 8 attorney Niles wrote a letter to plaintiff in which he inclosed authority to plaintiff to serve notice on Mr. Stark, an attorney on the second floor of the McKnight Building in Minneapolis. This refers to the Mr. Stark who appears here as attorney for defendant. In that letter attorney Niles said, among other things: "I am appointing these parties to accept service so that you may be protected." The papers were thereafter, on April 26, served by plaintiff upon Mr. Stark by handing same to and leaving them with Mr. Stark's stenographer in his office, she being in charge thereof during Mr. Stark's absence. Plaintiff also advised Mr. Stark by letter of such service. If, as already held, Mr. Niles was attorney for his wife, the presumption is that he had authority to act for her in designating Mr. Stark to accept service of notice. 6 C. J. p. 641, § 146; Gemmell v. Rice, 13 Minn. 371 (400). We hold there was valid service of notice in this case.

3. The other question as to jurisdiction is that the summons, complaint, and order for hearing were not filed until three days after the order was made. It is disposed of by the opinion in Petters & Co. v. Jefferson County Bank, 195 Minn. 497, 263 N. W. 453.

4. Objection is made because the complaint does not specify the relief sought. It asks for extension of time to redeem and that the court fix the terms thereof, and for such other relief as the court might deem just and equitable. The complaint was sufficient without the prayer for such further and other relief as the court might deem just and equitable. It was for the court to fix the terms upon which the extension of time was to be granted. It would serve no useful purpose to specify in the prayer for relief what such terms should or should not be. The complaint sufficiently states the necessary facts to justify the court in acting.

The findings of fact and order of the trial court are affirmed and the writ of *certiorari* discharged.

Affirmed.