## INGWALL STEENSLAND AND ANOTHER v. WESTERN AND SOUTHERN LIFE INSURANCE COMPANY.[1]

January 10, 1936.

No. 30,578.

*John A. Nordin* and *C. T. Whinnery,* for relators.
*Ben W. Palmer,* for respondent.

PER CURIAM.

*Certiorari* to review a decision of the district court denying relators' petition for extension of time to redeem from a mortgage foreclosure sale.

Relators executed the mortgage which was foreclosed, and the premises therein described were, on December 26, 1933, sold by the sheriff to respondent for $4,937.79; and the sheriff's certificate, duly issued, was on that day delivered to it and recorded. On December 24, 1934, relators served a notice accompanied with a petition upon the attorney who foreclosed the mortgage that, on January 18, 1935,

[1]Reported in 264 N. W. 440.

they would move the court for an extension of time to redeem from said foreclosure sale. The petition was not filed with the clerk of the district court until January 17, 1935, nor was it presented to the court until the next day, the day set for hearing. The court made findings and ordered judgment that relators were not entitled to relief under the moratorium act, L. 1933, c. 339. A subsequent motion for relief under the claim that relators were entitled thereto under L. 1935, c. 47, was denied.

Under the decisions in Anderson v. Hill, 191 Minn. 414, 254 N. W. 585, 586; Rebold v. Citizens' State Bank, 194 Minn. 73, 259 N. W. 684; Koerber v. Thompson, 194 Minn. 654, 260 N. W. 353; Petters & Co. v. Jefferson County Bank, 195 Minn. 497, 263 N. W. 453, the time of redemption had expired and title had vested in respondent before the petition was filed or presented to the court. The court must acquire jurisdiction of the foreclosure proceeding before title thereunder vests in the holder of the sheriff's certificate of sale. After title has vested neither the court nor the legislature may affect or disturb it.

Relators claim that under the statute the service of the notice, to petition the court for relief, tolled the running of the time of redemption until the final hearing had May 21, 1935, at which time also L. 1935, c. 47, was in effect and authorized the granting of extension of time within which to redeem. We think the contention cannot be sustained. It is true, L. 1933, c. 339, part 1, § 4, 3 Mason Minn. St. 1934 Supp. § 9633-5, contains this: "Provided that upon the service of the notice or demand aforesaid that the running of the period of redemption shall be tolled until the court shall make its order upon the application." But the tolling is predicated upon the condition that petitioner for relief "shall prior to the expiration of the period of redemption, apply to the district court having jurisdiction of the matter." In Anderson v. Hill, 191 Minn. 414, 416, 254 N. W. 585, it was said:

"The petition, not the notice, was the application. Having been filed and served before the end of the exemption period, it had the effect of preventing the latter from running, as the statute explicitly declares, until the making of the order upon the application."

Unless the petition or application is filed or presented to the court before the expiration of the period of redemption, the court does not obtain jurisdiction, and the service of notice would be of no avail. The effect of the notice to toll the redemption period depends upon the fact that jurisdiction has been or will be conferred upon the court by the filing with the clerk of the district court or a presentation to the court of the application or petition for extension prior to the expiration of the statutory redemption period.

The writ is quashed and the order affirmed.