PRUDENTIAL INSURANCE COMPANY OF AMERICA v.
MARTIN F. DRESSLER AND ANOTHER.[1]

March 13, 1936.

No. 30,679.

John G. Priebe, for appellants.
Shearer, Byard & Trogner, for respondent.

HOLT, JUSTICE.

Defendants appeal from an order of the district court canceling a contract for deed and refusing to extend the period of performance by the vendees.

L. 1933, c. 422, 3 Mason Minn. St. 1934 Supp. §§ 9576-1 to 9576-6, suspends 2 Mason Minn. St. 1927, § 9576, and requires the vendor who desires to cancel a contract for the conveyance of real estate

[1]Reported in 265 N. W. 809.

for default of the vendee to apply to the district court, upon notice to the vendee, for an order adjudging the contract canceled. Upon the hearing the vendee may be granted an extension of the time of performance on a proper showing. Under that chapter the time could be extended until May 1, 1935, although the act by its terms expired a month prior thereto. The following legislature, deeming the conditions which prompted the enactment of c. 422 still prevalent, passed L. 1935, c. 68, of similar import.

The record shows that on July 1, 1932, plaintiff sold and agreed to convey to defendants a certain lot in the city of Minneapolis for $16,000; that defendants had defaulted in certain payments stipulated to be made; and that proper notice had been served on defendants that plaintiff would apply to the district court of Hennepin county on July 10, 1934, for an order adjudging the contract to convey canceled. Defendants appeared and filed objections to the cancellation and asked for an extension of time to make good the defaults. Upon stipulation an order was made reducing the monthly payments. Defendants again defaulted, and the parties again, upon notice, came before the court on motion of plaintiff for an order adjudging the contract canceled, and on a countermotion of defendants for further extension and modification of the terms of the contract under L. 1935, c. 68. Defendants' motion was denied and plaintiff's was granted by order filed June 18, 1935, from which order defendants appeal.

The motion for further extension was served on plaintiff's attorney on April 29, 1935, but was not filed until May 2, 1935, and plaintiff raises the objection that defendants did not bring themselves within this provision of L. 1935, c. 68, § 4, reading:

"The provisions of this act shall all apply to proceedings for cancellation of contracts for deed wherein the district court has previously granted one or more extensions of time for the performance of the conditions in default, pursuant to Laws 1933, chapter 422, provided, that the extended period has not expired at the time of the application for extension; and shall also apply to actions and proceedings now pending or hereafter commenced under said act."

Plaintiff claims that the extended period granted under L. 1933, c. 422, by order of the court filed March 15, 1935, expired by its terms May 1, 1935, and defendants' notice of motion was not filed until the next day, hence too late under Anderson v. Hill, 191 Minn. 414, 254 N. W. 585; Rebold v. Citizens State Bank, 194 Minn. 73, 259 N. W. 684; Koerber v. Thompson, 194 Minn. 654, 260 N. W. 353. We think plaintiff's counsel is in error. The cited cases involved the mortgage moratorium acts, wherein the court could not obtain jurisdiction unless the mortgagor presented his petition for extension of the time to redeem to the court before the title vested in the holder of the sheriff's certificate of sale. Not so under the acts here involved. Plaintiff had to come into court for relief and brought defendants in. They had the right under these acts to oppose the granting of the cancellation of the contract and to invoke a modification thereof. It is true, their rights under the act of 1933 as fixed by the order of the court terminated May 1, 1935; but the final order of cancellation had not been made or filed or a hearing had thereon. So the court had still jurisdiction of the matter. And by the very terms of the provision above quoted from L. 1935, c. 68, § 4, defendants were entitled to be heard on their motion served on plaintiff April 29, 1935. The court was not done with the matter until the final order of June 18, 1935.

On the merits of defendants' objection to the cancellation of the contract, including their application for further time and modification of the terms thereof, we think the court could make no other order than the one made and filed. The affidavit of one of defendants is the only thing offered to support defendants' motion. It simply states his financial situation to be such that it is impossible to make the payment required by the contract. It does not state that defendants will be able to meet those fixed by the court under the order which expired May 1, 1935, or any order whatever which the court could make.

The order is affirmed.

I. M. Olsen, Justice, took no part.