[File No. 6392.]

STATE OF NORTH DAKOTA upon the Relation of A. F. LEHR, Respondent, v. J. A. WEILER as County Auditor of LaMoure County, North Dakota, Appellant.

(266 N. W. 718.)

Opinion filed April 15, 1936.

*Eugene F. Coyne,* for appellant.

*Hugo P. Remington,* for respondent.

*George·W. Thorp* and *C. C. Wattam,* amici curiæ.

MORRIS, J. In 1930 the premises involved in this action, consisting of a quarter section of land in LaMoure county, were assessed in the name of one Henry Plott who the record indicates is still the owner. On December 8, 1931, the land was sold for delinquent taxes to the relator and the county auditor thereupon issued to him a tax certificate in the usual form as provided by law. At the time of said sale, chapter 298 of the Session Laws of North Dakota, 1931, was in effect providing that: "The owner of such tax sale certificate shall be entitled to a tax deed three (3) years from the date of tax sale upon the giving of the statutory notice of the expiration of period of redemption." After three years from the date of sale the relator presented the tax certificate to the respondent (county auditor) who thereupon issued a notice of expiration of redemption which stated "that the time for redemption from said sale will expire ninety days from the completed service of this notice." There was also inserted in the notice, the following: "You are further notified that under the act of the 23rd legislative assembly, the time within which you may redeem said land from said sale is extended for two years from March 7th, 1933, provided that within 90 days from the date of this notice you file with the undersigned county auditor a notice that you desire to take advantage of said act."

The notice of expiration of redemption was personally served upon Henry Plott on December 29, 1934, and service was later completed by publication on January 17, 1935. On February 7, 1935, Plott filed in the office of the county auditor a notice, the material portions of which are:

"This is to notify you that I wish to take advantage of the Provisions of House Bill No. 275, Laws of 1933 extending the time for period of Redemption on the following described property. SE$\frac{1}{4}$ of 6–133–63."

Henry Plott, the owner of the land, is not a party to this lawsuit. After the ninety day period of redemption specified in the notice had expired, the relator demanded a tax deed which the county auditor

refused to issue. The relator then brought proceedings in mandamus against the county auditor to require him to issue such deed. After hearing had in the district court, judgment was entered directing the issuance of said writ, from which judgment the county auditor appeals.

Chapter 258, Session Laws of North Dakota, 1933, to which reference is made in the notice filed in the office of the county auditor by Henry Plott on February 7, 1935, provides, that the period within which the holder of a tax certificate can ask for a tax deed, and within which the owner may redeem from tax sales, is extended for two years from the date of the passage and approval of the act. (Approved March 3, 1933.) It is further provided that the act shall not be operative except on behalf of an owner of land who shall within ninety days after the date of the notice of expiration of the period of redemption, file a notice with the county auditor to the effect that he desires to take advantage of the act. By the terms of the act itself, it expired on March 3, 1935. It did not purport to extend periods of redemption beyond that date.

On March 12, 1935, chapter 280 of the Session Laws of North Dakota, 1935, became effective, which extended periods of redemption from tax sales to the first day of July, 1937, and contained the further proviso that: "The provisions of this act shall be in full force and effect coincident with the expiration of the provisions of Chapter 258 of the Session of 1933. Provided, however, that this act shall not be operative, except in favor and on behalf of any owner of such land, who shall have, within 90 days, after the service of the notice of expiration of redemption, filed with the county auditor in the county in which the land is situated, a notice that he desires to take advantage of this act, . . :"

It is not claimed that Henry Plott filed or attempted to file any notice claiming an extension of the period of redemption under the 1935 act, although it became effective on March 12, 1935, and the period of redemption did not expire until about April 18th.

The county auditor claims that he is justified in refusing to issue a tax deed because of the provisions of chapter 280 of the Session Laws of North Dakota, 1935. The only person who can claim the

benefits of this act, according to its terms, is the owner of the land. He has filed no notice seeking such benefits. The notice which he did file refers to the 1933 act which expired on March 3, 1935. Since the owner has not claimed benefits under the act now in effect, the county auditor cannot set up the 1935 act as a defense to this action. Neither can it be contended that the notice filed by Henry Plott claiming the benefit of the 1933 act, obviated the necessity of filing a notice under the 1935 act.

Our attention has been called to the wording of the 1935 act; that its provisions "shall be in full force and effect coincident with the expiration of the provisions of chapter 258 of the Session of 1933" which, it is argued, has the effect of extending the notice of the landowner under the 1933 act so as to make it a notice also under the 1935 act. Even though the language of the law be strained to the extent of holding that the 1935 act became retroactively effective as of the date of the expiration of the 1933 act, such holding would not help the relator, for the 1935 act specifically provides that it shall not be operative unless the owner of the land shall within proper time file a notice to the effect that he desires to take advantage of the act, and this, the landowner, Henry Plott, has not done. The filing of a notice under the 1935 act is, by its terms, made a condition precedent to receiving the benefits thereof. No rule of liberal construction would justify us in ignoring this specific provision. "The most extended application of the rule of liberal construction has never gone so far as to disregard plain unequivocal requirements of a statute." Baxter v. Shanley-Furness Co. 193 Cal. 558, 226 P. 391.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.