[File No. 6433.]

I. E. LILLEGARD, Petitioner, v. WILLIAM H. HUTCHINSON, Judge of the District Court of the Third Judicial District, State of North Dakota, and Redlinger & Hanson Company, a Corporation, Respondents.

(269 N. W. 43.)

Opinion filed September 24, 1936.

*Johnson & Milloy, Lewis E. Jones* and *Thomas J. Burke,* for peti-
tioner.

*Clifford Schneller,* for respondent.

BURR, J.   Petitioner seeks to review the action of the District
Court in entertaining an application for an extension of time of
redemption.   The respondents in no way dispute the allegations set
forth in this petition.

Judgment in an action for the foreclosure of a mechanic's lien was

entered in the district court. On May 17, 1935 the property involved was sold by the sheriff, as directed in the decree of foreclosure, and the holder of the certificate of sale was entitled to a sheriff's deed on May 18, 1936.

The owners of the property applied to the judge of the district court for an extension of the time of redemption, and on May 16, 1936 the court issued an order directed to the sheriff restraining him from issuing a deed until further order of the court, reciting that the owners had applied for an order to show cause why additional time of redemption should not be granted, the return day being May 25, 1936. The order to the sheriff was served upon the holder of the certificate on May 18, 1936, but the owners failed to serve upon the holder of the certificate their petition for extension of time of redemption.

On the return day this petitioner made a special appearance to object to the jurisdiction of the court on the ground that no notice of petition for extension of time had ever been served upon him, and on that day the district court issued another order, directed to the holder of the certificate, requiring him "to show cause on the 6th day of June, 1936, why the period of redemption from said foreclosure and sale should not be extended" and at this time continued his restraining order in effect.

On June 6, 1936 this petitioner, who is the holder of the certificate, made a special appearance objecting to the jurisdiction of the court to hear and determine the application of the owners on the ground that said application for extension of time of redemption was not made before the year of redemption had expired. The court overruled this special appearance and determined to hear the matter on its merits, and decide what further time of redemption, if any, should be allowed.

The petitioner herein applies for a writ of certiorari to review the action of the district court. It is his claim that the court exceeded its jurisdiction in issuing the order of May 25 as by that time title had vested in him.

Chapter 242 of the Session Laws of 1935 provides: "Where any . . . lien upon real estate has been foreclosed *and the period of redemption has not yet expired,* . . . the period of redemption may be extended for such additional time as the court may deem just

and equitable, but in no event beyond July 1, 1937; . . . Provided that . . . person in possession of said property . . . *shall, prior to the expiration of the period of redemption* . . . apply to the district court having jurisdiction of the matter, on not less than ten days' written notice to the . . . lienee . . . for an order determining the reasonable value of the income of said property, . . . and directing . . . such . . . lienor . . . to pay all or a reasonable part of such income . . . in such manner as shall be fixed and determined and ordered by the court; . . . and the court shall thereupon hear said application . . . and provided that upon the service of notice or demand aforesaid, that the running of the period of redemption shall be tolled until the court shall make its order upon such application. . . ." Section 6 of the Act.

The statute requires the application for extension of time of redemption to be made "prior to the expiration of the period of redemption"—in this case prior to May 18, 1936. This application must be made "on not less than ten days' written notice to the . . . lienee." "The running of the period of redemption" is tolled "upon the service of notice or demand aforesaid . . ."—and not till then.

Prior to the expiration of the period of redemption a request was made to the district court for an extension of the period of redemption. After the period of redemption had expired, this application was served upon the petitioner herein. The order to the sheriff was served, however, before the period of redemption expired. It becomes important to determine whether serving the petition and giving notice of application prior to the expiration of the period of redemption is an essential requirement.

While this statute is in derogation of the common law, we are not required to give it a strict construction. The Civil Code "establishes the law of this state respecting the subject to which it relates; and its provisions are to be liberally construed with a view to effect its objects and to promote justice." Comp. Laws, § 7312. See also Anderson v. Hill, 191 Minn. 414, 254 N. W. 585. However, as pointed out in State ex rel. Lehr v. Weiler, 66 N. D. 460, 266 N. W. 718, 719, no rule of liberal construction would justify us in ignoring the specific provisions of the statute. "The most extended application of the rule of liberal construction has never gone so far as to disregard plain, un-

equivocal requirements of a statute." Baxter v. Shanley-Furness Co. 193 Cal. 558, 560, 226 P. 391, 392.

Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion. Hamilton v. Rathbone. 175 U. S. 414, 44 L. ed. 219, 20 S. Ct. 155.

The statute is plain in its terms. If the owners of the property seek to toll the running of the period of redemption, they must apply to the District Court prior to the expiration of the period of redemption and give not less than ten days' written notice to the lience. When this is done the period of redemption is tolled, even though the "ten days' written notice to the lienee" fixes a date after the year of redemption would ordinarily expire.

There is more in the "application" than merely filing a petition with the district court. Service upon the party interested is part of the application. A comparison of our statute with the "Mortgage Moratorium Act of Minnesota" indicates that ours is a copy thereof, and in Anderson v. Hill, 191 Minn. 414, 254 N. W. 585, supra, it is pointed out that it is the filing and the service of the petition "before the end of the redemption period" which stays the running of the period of redemption. See also Rebold v. Citizens' State Bank, 194 Minn. 73, 259 N. W. 684. This procedure was not followed in the case at bar. The Supreme Court of Minnesota had occasion later to announce the specific requirements of an "application." In Potters & Co. v. Jefferson County Bank, 195 Minn. 497, 263 N. W. 453, 454, the court says: "Where the application is actually presented to the court, the court entertains it and issues an order to show cause, and the application and order are served upon the opposite party . . . the application is made and is effective. . . ."

Upon the special appearance to object to the jurisdiction of the court to hear and determine the matter the court retained the petition and issued a second order on May 25, 1936. It was then that the petition and order were served upon the holder of the certificate of sale. This was a week after the expiration of the period of redemption. As shown in the two Minnesota cases cited, "The petition was the application and the making of it complete when it was served and filed. . . ." Anderson v. Hill, 191 Minn. 414, 254 N. W. 585,

supra. The two requirements are essential and both must be performed before the expiration of the year of redemption.

The portion of our statute quoted shows when and under what circumstances "the running of the period of redemption shall be tolled." Unless "tolled" the year of redemption expires and the former owners are divested of all title. Thus, the title vested in the purchaser before the real application was made. There is no provision suggesting that after title has vested the former owners may petition the court for relief. As pointed out in Campbell v. Johnson, 195 Minn. 376, 263 N. W. 94, the act is a summary proceeding for relief in cases where a valid foreclosure has not vested title in the purchaser by expiration of the year of redemption. After the year of redemption expired, it was too late for the former owners to apply to the court. No liberal construction can justify us in doing away with the plain statement of the law. As pointed out in Wade v. Farrell, 270 Mich. 562, 259 N. W. 326, 904, failure to make the proper application within the time fixed by statute precludes the applicants from obtaining the benefits of the statute. Under the law the purchaser was entitled to a deed at the expiration of the year of redemption. The former owners seek to delay this by means of a statute enacted for their benefit and the benefit of others similarly situated. They had the whole year of redemption in which to make the proper application. Liberal construction does not justify a procedure which makes the rights of the petitioner depend upon acts not permitted by statute.

Petitioner urges "that all of the acts and orders of the respondent . . . hereinbefore set forth, have been in excess of the jurisdiction of the said . . . respondent, the district judge."

The district court has general jurisdiction of the matter involved. When a petition asking for an extension of the period of redemption is filed, the court must determine whether the applicant is entitled to the relief demanded. The district court, therefore, had jurisdiction to pass upon the application, and unless its acts are reviewed in accordance with the provisions of the statute the decision would stand.

The statute makes provision for such review by certiorari. Section 8 of the act provides: "Review by the Supreme Court may be had

by certiorari, if application for the writ shall be made within 15 days after notice of such order, and such writ shall be returnable within 20 days after the filing of such order."

In the case at bar the order overruling the objections to further proceedings in the court, and the notice that the proceedings would be heard on the merits are dated July 2, 1936, but the order was not served upon the petitioner Lillegard until the 7th day of July 1936, at which time the order was filed.

On July 17, 1936, the petitioner Lillegard applied to this court for a writ of certiorari, and this court issued an order that day to show cause why the writ should not be granted and made it returnable on July 23, 1936. This was clearly according to statute, and made the order of the district court reviewable.

The applicants for the extension of time to redeem were seeking to obtain a statutory benefit. To do this they must bring themselves within the statute. As the application was not made within the statutory time, the district court should have entered an order denying the application, and on the review of the proceedings we so hold.

Burke, Ch. J., and Nuessle, Morris and Christianson, JJ., concur.