## H. A. VAN DYKE AND ANOTHER v. JACOB KUNZ.[1]

December 31, 1936.

No. 31,088.

*F. J. Van Dyke,* for relators.
*Bleecker & Babcock,* for respondent.

[1]Reported in 270 N. W. 608.

PER CURIAM.

*Certiorari* to the district court of Hennepin county to review its order dismissing relators' petition to extend the period of redemption from a mortgage foreclosure sale.

The mortgage in question was executed in 1926. Respondent foreclosed the mortgage and bid in the property at the sheriff's sale February 6, 1933. The original redemption period expired February 6, 1934. In January, 1934, relators applied to the Hennepin county district court for an extension of the redemption period under L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21. The parties entered into a stipulation, and pursuant thereto the redemption period was extended to May 1, 1935. The order extending the time required relators to pay respondent, in monthly instalments, 75 per cent of gross rentals received from the property. April 26, 1935, a further extension to and including May 1, 1936, was ordered by the court upon similar conditions, under L. 1935, c. 47, 3 Mason Minn. St. 1936 Supp. §§ 9633-1 to 9633-21. The monthly instalments were paid up to and including April 15, 1936. May 1, 1936, the extended redemption period expired. May 15, 1936, relators paid to respondent the sum of $76.50, the amount of the total May rents collected from the tenants of the property, less 25 per cent. The statement accompanying the payment stated that it was a "Mortgage Moratorium Payment." May 29, 1936, relators applied for a further extension of the redemption period to March 1, 1937. Hearing on that petition was had June 12, 1936, at which time respondent moved the court to dismiss the petition for lack of jurisdiction. June 22, 1936, the court granted the motion to dismiss.

Relators now assert that the acceptance of the May 15, 1936, payment by respondent amounted to a waiver, and they seek to base upon it an implied contract between the parties for a further extension of the redemption period. With this contention we cannot agree.

The redemption period expired automatically upon May 1, 1936, and title vested in respondent, since on or before that date there was no petition to further extend it. The court had no further

jurisdiction of the matter. Steensland v. Western & S. L. Ins. Co. 196 Minn. 106, 264 N. W. 440. In this respect there is a difference between a contract for deed and a mortgage. Prudential Ins. Co. v. Dressler, 196 Minn. 594, 265 N. W. 809.

Respondent had title to the property after May 1, 1936, and the income from it belonged to him. The relators were not led to allow the redemption period to expire upon any implied contract, since the act relied upon to establish such a contract was subsequent to the expiration date. There is no allegation that acceptance of the payment was evidence of a contract to extend entered into prior to the expiration date. Acceptance of the May 15 payment was not inconsistent with respondent's position as holder of the fee.

Affirmed.

Mr. Justice Peterson, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.