THE FRISSELL COMPANY AND OTHERS v. JOHN J. O'BRIEN AND ANOTHER, PERSONAL REPRESENTATIVES, SUBSTITUTED FOR KATHERINE O'BRIEN, DECEASED.[1]

February 3, 1939.

No. 31,799.

[1]Reported in 283 N. W. 756.

*John J. Stoller,* for relators.

*John J. O'Brien* and *Marie Cambell, pro se.*

PER CURIAM.

*Certiorari* to review an order made on respondent's motion and dismissing, for supposed want of jurisdiction, an application by relators for an extension of time to redeem from a mortgage foreclosure sale.

The mortgage in question was foreclosed in 1934, and the period for redemption was to expire April 2, 1935. There were two extensions, under L. 1935, c. 47, and L. 1937, c. 21 (3 Mason Minn. St. 1938 Supp. § 9633-1, *et seq.*). The period for redemption allowed by the latest extension was to expire March 1, 1938.

February 24, 1938, relators filed their petition for a third extension. That petition was dismissed by the order under review, upon the ground that, inasmuch as the extended period for redemption expired March 1, 1938, and before the hearing, the court was without jurisdiction to proceed. We think that view is erroneous.

L. 1937, c. 21, part 1, § 5 (3 Mason Minn. St. 1938 Supp. § 9633-6), provides for an extension upon—

"the application of either party prior to the expiration of the extended period of redemption, * * * and upon the presentation of evidence that the terms fixed by the court are no longer just and reasonable."

Under the rule of Irwin v. Wren, 195 Minn. 362, 263 N. W. 152; see Petters & Co. v. Jefferson County Bank, 195 Minn. 497, 263 N. W. 453; Swanson v. Cross Lake Land Co. 192 Minn. 81, 255 N. W. 812; Anderson v. Hill, 191 Minn. 414, 254 N. W. 585; *cf.* Steensland v. Western and Southern L. Ins. Co. 196 Minn. 106, 264 N. W. 440, it is enough to entitle a petitioner to hearing upon

the merits that his application is filed before the expiration of the time for redemption as fixed by the latest order of the court. That application, as we have construed the statute, so far tolls the running of the period for redemption as to allow the hearing and decision on the petition to take place after the time fixed.

But all that is of no present comfort for the relators. It appears from the petition that the property involved was sold at foreclosure to one Katherine O'Brien, the owner of the mortgage covering the property, April 2, 1934. The time to redeem would have expired on April 2, 1935. Under the so-called mortgage moratorium, petitioners procured an extension to March 1, 1937, and a second extension to March 1, 1938. The present petition, made almost four years after the foreclosure sale, requests further indulgence.

The respective petitions show that subsequent to the execution of the mortgage the owner of the property conveyed a one-half interest therein to The Frissell Company. The record does not disclose the date of this transfer, but it is safe to assume that it was made after the foreclosure sale. In any event, March 18, 1935, Mrs. Knaak delivered to Ervin R. Frissell a power of attorney authorizing him to represent her in procuring extensions under the moratorium act. The present petition for extension states:

"That your petitioners have made earnest efforts to refinance said loan and to redeem said property from said foreclosure sale, but because of the unusually severe depression and the grave public emergency which your petitioners allege does now and for several years has existed, they have been and still are unable to obtain any substantial or sufficient funds to redeem their said property from said mortgage foreclosure sale."

Former petitions contain similar allegations.

The petition, like its predecessors, also states:

"That petitioners firmly believe that if an additional extension of the period of redemption from said mortgage foreclosure sale is granted for a reasonable time, that they will be able to obtain funds to satisfy said mortgage indebtedness and the amount owing on said sheriff's certificate of sale."

There is no sufficient showing that petitioners are unable to refinance the property—none at all of real effort to do so. There is nothing to indicate whether it constitutes a homestead or property held for investment. There is no claim that petitioners are insolvent. It was not the intention of the legislature unreasonably to tie the hands of mortgagees by granting extensions under the moratorium act in cases where mortgagors, or their successors, are themselves financially responsible or capable of otherwise raising funds. Santee v. Travelers Ins. Co. 201 Minn. 66, 275 N. W. 366.

To grant an additional extension on the facts stated in the petition would constitute an abuse of discretion. Judicial notice should be taken of the fact that borrowing conditions have greatly improved during the past few years, and that, with government home loan and other facilities offered, if the owner of property cannot procure a loan on a tract alleged to be of value far in excess of the mortgage against it, within a period of approximately three years, the value is not there. Every day the purchaser at the foreclosure sale is kept out of possession increases his loss.

Because, on the merits, the order under review was correct, it is affirmed.

Affirmed.

