THIELMAN and wife, Appellants, vs. LINCOLN COUNTY HIGHWAY COMMITTEE and another, Respondents.

*June 2—June 20, 1952.*

136

For the appellants there was a brief by *Schmitt, Eckhardt & Gullickson* of Merrill, and oral argument by *S. G. Gullickson.*

For the respondents there was a brief by the *Attorney General* and *Richard E. Barrett,* assistant attorney general, and *Donald E. Schnabel,* district attorney of Lincoln county, and oral argument by *Mr. Barrett.*

GEHL, J.   Defendants contend that there was failure of compliance with the applicable provisions of sec. 83.08 (2), Stats.:

"(2) . . . The owner may, within two years after the filing of the award with the county clerk, proceed as provided in chapter 32 to have his damages appraised, or may within said period apply to the county judge, on five days' written notice to any member of the highway committee, to appraise the damages. . . ."

Specifically, that plaintiffs did not, within the two-year period "apply to the county judge, on five days' written notice to any member of the highway committee." They

urge that we construe the petition in the light of the contents of the notice which was served upon the highway committee and which recites that the owners "will apply." The petition is not that the judge set a date for hearing upon an application to be made; it prays in express terms and in the present tense that the judge make an appraisal of petitioners' damages. It is an application made within the two-year period.

The question presented is similar to that considered in *Anderson v. Hill*, 191 Minn. 414, 415, 416, 254 N. W. 585. There the court had for application the provisions of a mortgage-moratorium law which authorized the court, under circumstances and upon conditions prescribed, to extend the period of redemption in an action for the foreclosure of a mortgage and which provided that—

". . . the mortgagor . . . shall prior to the expiration of the period of redemption, apply to the district court, . . . on not less than ten days' written notice to the mortgagee . . . for an order. . . ."

The petition was served and filed two days before the time for redemption would expire. With it was served a notice that on a day subsequent to the end of the redemption period the petitioner "would apply to the court for an order" granting the relief asked for in the petition. The petition was dismissed by the trial court upon the ground that "the service of the notice on the respondent cannot be an application to the court, but the filing of the petition might be so considered if it were not for the fact that the petitioner, in her notice states application will be made to the court on September 9th."

It will be observed that the prayer of the petition in the two cases is similar, that the pertinent portions of the statutes are almost identical, and that the notices are framed in substantially the same language. The Minnesota court reversed, and in language applicable here said (p. 416):

"We think that a mistaken application of the law. True, the application, in order to be effective, must be made before the expiration of the redemption period. We think it was in this case. The petition was the application, and the making of it complete when it was served and filed, as it was before the end of the redemption period. The notice was not the application. It was but the procedural device for bringing the matter on for hearing at the time and place stated. The petition, not the notice, was the application. Having been filed and served before the end of the redemption period, it had the effect of preventing the latter from running, as the statute explicitly declares, until the making of the order upon the application." See also *Petters & Co. v. Jefferson County Bank,* 195 Minn. 497, 263 N. W. 453; *Frissell Co. v. O'Brien,* 204 Minn. 398, 283 N. W. 756.

Defendants contend also that the appeal to the circuit court was properly dismissed because the original proceedings were had before the county court rather than the county judge. Their statement that such matters are to be heard by the judge is correct. *Breckheimer v. Dane County,* 209 Wis. 131, 244 N. W. 584, *Highway Committee of Jefferson County v. Guist,* 235 Wis. 18, 292 N. W. 226.

It is necessary, therefore, to determine in what capacity Judge Van Hecke acted. The petition was addressed to the judge. The notice of hearing recited that the application will be made to the judge, a stipulation for an adjournment was approved by him, the award was made by the judge, and all papers filed except the order for hearing indicate the pendency of the matter before him. Nothing else in the record indicates that it might have been considered that the proceedings were had before the court. Two entries appear in the docket recording adjournments "By the Court." An entry appears in the docket, "Court takes matter under advisement," another that "the court files written opinion." At the foot of the docket entries appears the signature, "Max Van Hecke, County Judge." The return on appeal is also signed by the judge.

The docket entries are surplusage. The essential papers, the application, the notice of hearing, and the award, establish clearly that the proceedings were had before the judge and not the court. That the order for hearing is signed "By the Court," is not sufficient to change the character of the proceedings.

*By the Court.*—Order reversed. The cause is remanded for further proceedings according to law.

FAIRCHILD, J., took no part.